## St. David's Church *v.* Sayen, Appellant.

*Roads and highways—First class townships—Vacation by township—Road not entirely within township limits—Mandamus—Reopening road.*

1. The board of commissioners of a township of the first class has no authority under the Act of June 7, 1901, P. L. 510, to vacate a road lying partly within and partly without the township.

2. In a proceeding for a writ of mandamus to require the commissioners of a first class township to open and maintain a certain highway, a peremptory writ was properly issued, where it appeared upon demurrer to the petition that the relators were the owners of land on both sides of the highway in question; that pursuant to the provisions of the Act of June 7, 1901, P. L. 510, upon petition of property owners, the board of commissioners of a first class township vacated the part of the road in question lying within the township, and had filed a written report in the Court of Quarter Sessions, to which no exceptions were filed, and had subsequently adopted and advertised an ordinance confirming the vacation; and that the section of road in question was part of a public road which began in an adjoining township.

3. In such a case, the owner of property abutting upon the highway has a special interest entitling him to the writ.

4. In such a case a petition which does not set forth a demand or refusal to open the road is not insufficient or invalid, in view of the act of the defendant in closing and vacating the road, and where the answer defends against opening and maintaining the road, because the defendants had vacated and closed it.

Argued Feb. 9, 1914. Appeal, No. 224, Jan. T., 1913, by defendants, from judgment of C. P. Delaware Co., Dec. T., 1912, No. 399, granting peremptory mandamus in case of The Rector, Church Wardens and Vestrymen of St. David's Church v. William H. Sayen, Frederick H. Treat, John Kent Kane, H. P. Conner and William S. Ellis, Commissioners of the Township of Radnor. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for an alternative mandamus to open and keep in repair a road in Radnor Township.

BROOMALL, J., filed the following opinion:

The relators by petition pray for a writ of mandamus directed to the Commissioners of Radnor Township, a township of the first class, requiring them to open and maintain in good repair a certain highway in said township. This petition is presented under the provisions of the Act of March 19, 1903, P. L. 32, "The several Courts of Common Pleas shall have the power to issue writs of mandamus to all officers......elected......in or for any township......within the county." The answer of the defendants avers:

1. That there is no such special interest shown in the relators as entitles them to this prerogative writ.

2. That the statutory requirement of a previous demand or refusal is not averred in the petition.

3. That the highway has been vacated.

A demurrer has been filed to this answer.

The real bone of contention in this case is, whether the highway has been vacated, but the other questions will have to be disposed of, and they will be taken up first.

1. The relators are the owners of land on both sides of the highway. As such, it is manifest that there is an interest possessed beyond that of the public at large. The highway is the means of entrance and exit from the abutting land. It is a source of continuous interest with respect to the use of the highway, and is a source of permanent interest in that the abutting land has a value by reason of fronting on the highway. The public at large would have no motive to conserve the highway for the protection of the abutting owner. We agree with the conclusion reached by YERKES, J., in Com. v. Doylestown Supervisors, 16 Pa. C. C. R. 161, that owners of property on a public highway may have a mandamus to compel the supervisors to keep it in repair. This requires no further discussion.

2. It is true that by virtue of the Act of June 8, 1893,

P. L. 345, it is prescribed that the petition shall set forth a demand or refusal to perform the act or duty. But the fact appears in the petition that the defendants have vacated and closed up this highway. There could be no more significant refusal to open and maintain it, than the action of the defendants in vacating and closing it. Why give them an opportunity to open and maintain that which they had vacated and closed? That such vacating and closing had the character of a refusal is shown by the answer, wherein they defend against opening and maintaining, because they had vacated and closed. We see nothing in this feature of the defense to stand in the relators' way.

3. This brings us to the consideration of the question whether this highway has been legally vacated. This consideration commences with the general road law, which is the Act of June 13, 1836, P. L. 551. The first section is "That the Court of Quarter Sessions...... shall have power......to appoint viewers, and upon their report and at the next court the whole proceedings shall be entered on record, and thenceforth such road shall be taken, deemed and allowed to be a lawful public road or highway." The eighteenth section is "The Courts aforesaid shall .....have authority......to change or vacate the whole or any part of any...... public road." The twenty-second section is "Provided that nothing in this Act shall be construed to give authority to any of the Courts of the Commonwealth to vacate any lane, street or highway, within any city, borough, town plot, or any town or village." Notwithstanding this proviso, the Court of Quarter Sessions has jurisdiction to vacate highways in townships. The jurisdiction has no other place upon which to operate than in townships, and this notwithstanding the prohibition of jurisdiction in towns and villages. Townships of the first class are nothing more than a township, with some change in the form of government, and with some additional specified powers. They are not municipal corpo-

rations: Dempster v. United Traction Co., 205 Pa. 70. We, therefore, start with the proposition that the jurisdiction to vacate highways in the defendant township is in the Quarter Sessions. To what extent has this been changed by the Act of June 7, 1901, P. L. 510? The first section of that act is: "The board of township commissioners, upon petition of property owners, shall have power to enact, survey, lay out, widen, straighten, vacate, and relay all......streets......within the township." Provision is then made for notice and a hearing, "and after such hearing and consideration of the matter, should the said board or a majority thereof decide in favor of granting the prayer of said petition, they shall make written report, together with a draft or survey of said road, street, lane or alley, fixing the width thereof ......which report and draft shall be filed in the office of the Clerk of the Court of Quarter Sessions." Provision is then made for exceptions, and a petition for review. It is manifest that the direction in this act to file a report only refers to cases where a highway is laid out. It is only in such cases that the direction for an accompanying draft or survey fixing the width is intelligible. The board of township commissioners has jurisdiction, when petitioned by property owners, to vacate a highway within the township. To this extent the jurisdiction of the Quarter Sessions is superseded. Their action is a finality, and there is reason in this. They are moved by the property owners. As representatives of the public, they withdraw the public right of use. No right to damage accrues to any one. The vacation of a highway is not an injury to the abutting land owners, within the provisions of the Constitution, requiring compensation, and in the absence of legislative provision for damages, none can be recovered: Howell v. Morrisville Boro., 212 Pa. 349; Hinkson v. Chester, 12 Delaware County Reports 293. The defendants filed in the office of the Clerk of Quarter Sessions a report of the vacation of the highway under consideration; but this being

filed without warrant of law, no force of res adjudicata can be attributed to a failure to file exceptions to it, and no laches can be interpreted from such failure. It appears that the highway in question was vacated on the petition of property owners. But is this highway under the Act of 1901 a highway within the township? True the termini and the whole route of the section vacated are within the township. But this section is part of a public road which begins at the Valley Forge road in the adjoining Township of Newtown and extends therein two hundred and ten and thirty-eight one-hundredths feet, where it crosses the line dividing the townships of Newtown and Radnor and ends in the township of Radnor. Where a public road runs into or through a township of the first class, may the board of township commissioners under the Act of 1901, vacate a section of the road within the township? Seeing that the act of vacation is a withdrawal of the public user, did the Act of 1901 intend that the board of township commissioners should have the power to withdraw not only the user of the public whom they represent, but also the outside public, whom they do not represent? If so, then the Court of Quarter Sessions might lay out a public road through a township of the first class, and the board of township commissioners might proceed at once to vacate the part of it within the township and thereby nullify the action of the court. We cannot think that the act intended this.

A reference to the analogy of boroughs sheds some light on the question. Boroughs are empowered by the general borough law of April 3, 1851, P. L. 320, in Section 2, pl. II, "To survey, lay out, enact and ordain ......streets." In pl. IV "To regulate the......streets ......and they shall have all other needful jurisdiction over the same." This impliedly includes the power to vacate, because of Section 27, where it is provided that complaint may be made to the Quarter Sessions, by any person aggrieved by any regulation in relation to streets,

"provided that every jury appointed to view, review, lay out, widen, or straighten or vacate any road or part of road in any borough of this Commonwealth, shall have due reference to the town plot," etc.  The jurisdiction to lay out streets in a borough is in the borough authorities, under the Acts of April 3, 1851, P. L. 320, and April 22, 1856, P. L. 525, but the jurisdiction to lay out a road partly in a borough and partly outside is in the Quarter Sessions: Somerset and Stoystown Road, 74 Pa. 61. Boroughs have exclusive jurisdiction in the vacation of their streets; In re Osage Street Vacation, 90 Pa. 114. The jurisdiction to lay out a road or street in a borough is exclusively in the borough authorities; South Chester Road, 80 Pa. 370; Parkesburg Boro. Streets and Alleys, 124 Pa. 511.  But if partly in a borough and partly in a township the jurisdiction is in the Quarter Sessions: Verona Boro. Road, 21 Weekly Notes of Cases 534; Cassville Boro. Road, 4 Pa. Superior Ct. 511; Chester and South Chester Road, 2 Chester County 438.  The Quarter Sessions has no jurisdiction where the road to be laid out is wholly within two adjoining boroughs; West Liberty and Knoxville Roads, 20 Pa. Superior Ct. 586.  But not so as to two adjoining townships of the first class; In re Scott Township and Union Township Road, 17 D. R. 791.  In Com. v. Female College, 42 Pa. Superior Ct. 419, there had been a turnpike road extending from Harrisburg to the diamond in Chambersburg Borough.  The turnpike company abandoned the road within the borough, which thereafter became a public street.  Afterward the borough authorities vacated it and it was held that they had power to do so.  But the only part of the road which could be vacated was the part in the borough.  The turnpike road could not be vacated.  The two sections had different characteristics.  The borough street was not the same kind of a road as the turnpike road outside.  Considered with reference to the susceptibility to vacation, the street was entirely within the borough.  The very question seems to be decided with refer-

ence to boroughs in Palo Alto Road, 160 Pa. 104, where it is held that where there is a road partly within a borough and partly without, the Quarter Sessions has jurisdiction to vacate a part of that within the borough. The exclusive jurisdiction of boroughs over streets is limited to those which begin and end in the borough. This case was decided under local laws conferring jurisdiction on the Quarter Sessions, with no such exclusion of borough as is contained in the twenty-second section of the Act of June 13, 1836. But in the case in hand, there is no exclusion of townships of the first class from the operation of the Act of 1836. Therefore while the case cited is not a direct authority, the analogy is complete.

We come, therefore, to the conclusion that the board of township commissioners had no legal authority to vacate the road in question. It, therefore, remains a lawful public highway, and the plaintiff is entitled to a peremptory writ of mandamus to open and maintain the said highway in good repair. Judgment is rendered in favor of the plaintiffs and against the defendants with costs.

Let such writ issue.

*Errors assigned* were in sustaining demurrer and in granting peremptory writ.

*Charles F. DaCosta,* for appellants, cited: Parkesburg Boro., Streets and Alleys, 124 Pa. 511; Osage Street Vacation, 90 Pa. 114; Smith v. Cheltenham Twp., 35 Pa. Superior Ct. 507; Old Lancaster Road, 17 Pa. D. R. 1076; Com. v. Penna. Railroad Co., 6 Pa. D. R. 266; Lemoyne v. Washington County, 213 Pa. 123.

*Maskell Ewing, Jr.,* and *V. Gilpin Robinson,* for appellees, cited: Somerset & Stoystown Road, 74 Pa. 61; Verona Boro. Road, 21 W. N. C. 534; Cassville Boro. Road, 4 Pa. Superior Ct. 511; Chester and South Chester Road, 2 Chester County 438; Palo Alto Road, 160

1914.]         Arguments—Opinion of the Court.

Pa. 104; Scott and Union Townships Road, 17 Pa. D.
R. 791.

PER CURIAM, February 23, 1914:

The judgment is affirmed on the opinion of Judge
BROOMALL.