## Lank, Appellant, *v.* Hughes.

Argued November 15, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Gailey C. Keller,* with him *Smith and Eves,* for appellants.

*Thomas J. Evans,* for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, January 16, 1961:

The plaintiffs, residents of Scott Township, a second class township of Columbia County, are the owners of various realty abutting three certain roadways located in an area of residential building development in the township. Between 1956 and 1958 the promoters of the development, on their own initiative, constructed the roads above referred to, first applying a shale and, later, a crushed stone base. Attempts were made to persuade the supervisors of the township to accept a dedication of the roadways which the supervisors refused to do, insisting that the roadways must first conform to certain standards of construction as set forth in a township ordinance and that plans showing compliance with these standards must be submitted for approval as provided by Section 1140.1 of The Second Class Township Code of May 1, 1933, P. L. 103, as amended, 53 PS §66140.1. Negotiations looking to the township's acceptance of the roads were entered into between the plaintiffs and the supervisors but no agreement was reached.

The plaintiffs, having been unable to persuade the supervisors to accept voluntarily a dedication of the three roadways, adopted an alternative course. They caused the roadways to be laid out and opened as public roads of Scott Township by following the legal procedure prescribed by §1101 of The Second Class Township Code, as amended, 53 PS §66101. Pursuing the prescribed procedure, the plaintiffs petitioned the supervisors to lay out and open the roads and, when the petition was not acted upon by the supervisors within the statutorily prescribed sixty day period, the plaintiffs presented it to the Court of Quarter Sessions of Columbia County which, on December 8, 1958, appointed a board of view. According to their report the viewers concluded that the three roads were necessary for public highways and laid them out and declared them opened as such. This report was confirmed absolutely by the Court of Quarter Sessions on June 26, 1959. Sixteen days earlier, the title owner conveyed by deed to Scott Township the entire area within the limits of the three roadways, whereby the township was relieved of liability for damages for the taking of private property for public use as a result of the proceedings in the Court of Quarter Sessions.

The supervisors not having thereafter accepted the roads in question as township highways, the plaintiffs instituted this action in mandamus to compel them to repair, improve and maintain the three roadways. The court entered judgment for the defendant supervisors and the plaintiffs have appealed.

Section 516 of The Second Class Township Code, as amended, 53 PS §65516, provides that ."The township supervisors, or the supervisors acting as superintendents or roadmasters, shall (a) Have the general care and superintendence of the improvement of the roads ... in the township ... (b) Cause such roads to be kept in repair and reasonably free from all obstructions, and

give the necessary directions therefor." The duty to repair and maintain public roads may be enforced by mandamus: *Commonwealth v. Ball,* 277 Pa. 301, 121 Atl. 191 (1923); *St. David's Church v. Sayen,* 244 Pa. 300, 90 Atl. 638 (1914); *Borough of Uniontown v. Commonwealth ex rel. Veech,* 34 Pa. 293 (1859); *Winters v. Koontz,* 60 Pa. Superior Ct. 134 (1915).

In their answer to the plaintiffs' complaint, the supervisors do not deny that they have failed to repair and maintain the specified roadways but insist that the roads are not a part of the Scott Township road system notwithstanding the determination by the Court of Quarter Sessions of Columbia County. It is the supervisors' contention that the plaintiffs had no right to petition the court of quarter sessions but should have complied with the conditions laid down by the supervisors as prerequisite to their accepting a dedication of the roadways.

We find no merit in this contention. Merely because the plaintiffs unsuccessfully attempted to persuade the supervisors to accept voluntarily a dedication of the three roadways in no way precluded them from pursuing the procedure prescribed by §1101 of The Second Class Township Code, as amended. The plaintiffs have duly proceeded in accordance with the provisions of this section and, as a consequence, the three roadways have been judicially made a part of the Scott Township road system. The defendant supervisors are, therefore, bound by the statutory duty to keep the roadways "in repair and reasonably free from all obstructions . . .", wherein they have unquestionably failed.

Judgment reversed and record remanded with directions that an appropriate writ of mandamus issue in conformity with this opinion.

Mr. Justice BELL dissents.