## Kress Appeal.

.566

Argued March 21, 1963. Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen, O'Brien and Roberts,
JJ.

reargument refused April
30, 1963.

*Adolph L. Zeman,* with him *Robert L. Zeman,* and
*Zeman & Zeman,* for appellants.

*Andrew W. Cummins,* for appellee.

Opinion by Mr. Justice Cohen, April 16, 1963:

Appellants are residents of a development known
as the McNary Plan located in Peters Township, a
second class township of Washington County. The
lots in the subdivision are connected by five roads
which were constructed by the developers of the Mc-
Nary Plan and are presently open to and used by the
public. Desiring that these five roads be made a part
of the public road system, and hence maintainable at
township expense, appellants made an offer of dedica-
tion to appellees, the supervisors of Peters Township.

Appellees refused to accept the offer of dedication
until appellants undertook certain improvements so
that the roads would conform with township require-
ments for public roads. Unwilling to make these im-
provements, appellants sought to achieve their objec-
tive by proceeding under section 1101 of The Second

Class Township Code.[1] In accordance with that section, they presented a petition to appellees to "survey, lay out, and open" the five roads as public roads. When the supervisors failed to act within 60 days, appellants presented a petition to the court below for the appointment of a board of viewers. The court below refused to appoint viewers and this appeal followed.

We hold that the court below correctly decided that section 1101 of the Code was improperly invoked in this case. That section gives a court of quarter sessions power to appoint a board of viewers to "survey, lay out [and] open" roads as public roads where the township supervisors fail to so act. But the roads in question here have already been surveyed, laid out, and opened by the developers of the McNary Plan, and thus there is no reason or basis for the appointment of viewers under section 1101.[2] Appellants' objective is

---

[1] "The township supervisors may by ordinance . . . survey, lay out, [and] open . . . all roads . . . which are wholly within the township, upon the petition of interested citizens, or without petition if in the judgment of the supervisors, it is necessary.

. . .

"When any petition is presented to the township supervisors under the provisions of this section and the supervisors fail to act on the petition within sixty (60) days, the petitioners may present their petition to the court of quarter sessions which shall proceed thereon as provided by the general road law." (Act of May 1, 1933, P. L. 103, §1101, as amended by the Act of May 2, 1949, P. L. 819, No. 216, §1, 53 P.S. §66101.)

The provisions of the general road law dealing with the appointment of viewers are found in the Act of June 13, 1836, P. L. 551, as amended, 36 P.S. §1781 et seq.

[2] For example, the general road law provides that the viewers shall lay out the road so as to minimize the expense of condemnation (Act of June 13, 1836, P. L. 551, §2, 36 P.S. §1785). Accordingly, a petition to appoint viewers which fixes the route of the proposed road is fatally defective. See *In re: Road in Shenango Township*, 88 Pa. Superior Ct. 51 (1926). Where the road has already been constructed, how can the petitioners ever satisfy this legislative mandate?

not to have roads laid out and constructed as public roads, but rather to have roads already constructed maintained at public expense. See *In re Milford,* 4 Pa. 303 (1846). In such a situation, the proper procedure is to comply with the provisions of The Second Class Township Code dealing with dedication of private roads.[3]

Appellants assert that *Lank v. Hughes,* 402 Pa. 284, 167 A. 2d 268 (1961), is authority for the procedure followed in this case. In *Lank,* however, we had no occasion to consider the propriety of proceeding under section 1101 since the only question before us there was whether mandamus would lie to compel supervisors to maintain roads which had already "been judicially made a part of the Scott Township road system." (402 Pa. at 287). Here, we are faced with the question—not decided in *Lank*—whether these roads can judicially be made a part of the township road system by the appointment of viewers under section 1101.

Accordingly, we conclude that the court below properly denied the petition to appoint viewers.

Order affirmed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS dissent.

---

[3] See section 1147 (Act of July 18, 1935, P. L. 1299, §2, 53 P.S. §66147) and section 1148 of the Code (Act of May 24, 1951, P. L. 370, §16, 53 P.S. §66148).