**Knaub v. Windsor Township**

*Gilbert G. Malone,* for plaintiffs.
*Edward H. H. Garber,* for defendant.

SHADLE, *P.J.,* January 20, 1981—

## STATEMENT OF CAUSE

On August 28, 1976 Windsor Township adopted an ordinance vacating and abandoning Shaw Road as a public road. On August 23, 1979 Lewis Knaub, et al. (herein referred to as petitioners) presented

to the Board of Supervisors of Windsor Township (herein referred to as the township) a petition to readopt and reopen Shaw Road. Petitioners claim that the board of supervisors failed to act on such petition within 60 days. The township claims that the board of supervisors did act by refusing the prayer of the petition.

On November 26, 1979 petitioners presented to the court a petition for the appointment of viewers to lay out and adopt Shaw Road as a public road, and on the same date such viewers were appointed. On December 7, 1979 the township presented to the court the instant petition to revoke the appointment of viewers, on the ground that the board of supervisors previously in fact had acted on the petition presented to them by refusing the prayer thereof. Petitioners filed an answer to the instant petition again denying that the board of supervisors had so acted. An evidentiary hearing was had on the instant petition and answer.

### ISSUE

The sole issue is whether the board of supervisors "failed to act" within 60 days on the petition to readopt and reopen Shaw Road which was presented to them on August 23, 1979.

### FINDINGS OF FACT

Preliminarily, we now rule on objections made at the evidentiary hearing on which rulings were reserved. The township offered in evidence petitioner's exhibit no. 1, consisting of photocopies of minutes of meetings of the board of supervisors at which the readoption and reopening of Shaw Road was considered and discussed. Petitioners objected that the minutes of all meetings prior to August 23,

1979 were irrelevant. We now rule that minutes of such prior meetings are relevant in explaining the history of the transactions between the parties, and such objection is overruled.

The township further offered the oral testimony of the three supervisors as to the action taken at such meetings. Petitioners objected on the ground that the oral testimony to explain, enlarge or contradict the minutes was inadmissible. Such testimony was taken subject to a reserved ruling on the objection. We now find that such testimony did not in fact explain, enlarge or contradict the minutes in any material respect, and that the issue before us may be disposed of solely on the basis of the minutes themselves. Accordingly, such objection is now overruled.

On the basis of the evidence at the evidentiary hearing, we find the following facts:

On August 28, 1976 the board of supervisors of Windsor Township adopted an ordinance vacating and abandoning Shaw Road as a public road. Thereafter, at meetings of the board of supervisors held on February 23, 1978 and December 4, 1978, citizens appeared and requested the board to readopt Shaw Road as a public road, but no action was taken thereon. The same thing occurred at a meeting held on February 22, 1979, at which time the following occurred:

"The Board of Supervisors advised they will review all that has been presented to them and respond to the citizens through the press and 60 days as to their decision to re-adopt Shaw Road or to leave the matter rest."

The citizens repeated their request at a meeting held on May 4, 1979, at which time the following occurred:

"Allen Bahn made a motion to adopt that portion of Shaw Road that was previously abandoned. The motion died for lack of a second."

The request was again made at meetings held on May 24, 1979, June 11, 1979, June 28, 1979, July 9, 1979 and July 26, 1979, at each of which no action was taken by the board of supervisors other than to direct the investigation of placing the issue on the ballot, and the cost involved in readoption, reports on which subsequently were made without further action.

The minutes of a meeting of the board of supervisors held on August 13, 1979, at which time the same request again was made, revealed the following:

"The Supervisors had no comment." . . . Chairman Paul Smith made a statement that the Board's decision is firm and the Board will not discuss this matter further at this time. Mr. Smith instructed the citizens to present any further information through the Twp. Manager and not at a public meeting."

Finally, although the minutes of a meeting of the board of supervisors held on August 23, 1979 do not specifically so indicate, both parties agree that on that date a petition of interested citizens was presented to the board of supervisors to adopt and re-open Shaw Road. With respect thereto, the minutes of that meeting showed the following:

". . . (a citizen) wished to present some new information regarding Shaw Road. Mr. Smith stated at the last meeting that all information pertaining to Shaw Road will have to be presented through the Manager. He was then asked to give the papers to Mr. Sprenkle for further consideration."

The parties apparently agree that no further action thereafter was taken before the board of supervisors by either party.

## DISCUSSION

Section 1101 of The Second Class Township Code of May 1, 1933, P.L. 103, as amended, 53 P.S. §66101, provides that township supervisors may by ordinance lay out and open a road upon the petition of interested citizens. It further provides as follows:

"When any petition is presented to the township supervisors . . . and the supervisors fail to act on the petition within . . . 60 days, the petitioners may present their petition to the court of quarter sessions which shall proceed thereon as provided by the general road law."

Petitioners first seem to argue that if the township supervisors fail to *grant* the petition presented to them, petitioners may proceed to court under the above section of the code. They cite Lank v. Hughes, 402 Pa. 284, 167 A. 2d 268 (1961), as authority for this proposition. We do not agree. While there is some language in Lank which is capable of this interpretation, the point actually decided was that where the court previously has approved a report of viewers laying out and adopting a public road, supervisors cannot collaterally attack such report and court decree when an action of mandamus is brought to compel them to maintain the road so adopted.

In our view, both the purpose and requirement of the code, supra, are crystal clear. The purpose was to require petitions for public roads to be presented first to the township supervisors to be decided upon by them as elected township representatives, rather

than by the court in the first instance. If the supervisors refuse such petition, there is no right of "appeal" therefrom to the court under section 1101. However, if the supervisors take *no action at all* upon the petition within 60 days, and seek by mere inaction to frustrate the petition, then the petitioners may proceed in court to obtain such action by a board of viewers.

In this respect, the legislative policy against frustration of petitioners by mere inaction by municipal officials is precisely analogous to the provisions of the Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10101 et seq. Section 508(3), 53 P.S. § 10508(3), section 709(a)(3), 53 P.S. § 10709(a)(3), and section 908(9), 53 P.S. § 10908(9), of that code each provide that applications for approval of plans for subdivision and land development, of plans for planned residential developments, and of applications, shall be deemed to have been approved if the municipal officials fail to act within the prescribed period. The specific purpose of this provision is to prevent frustration of applicants by indecision, protracted deliberations and inaction. See Humble Oil and Refining Company v. East Lansdowne Borough, 424 Pa. 309, 313, 227 A. 2d 664 (1967); Morris v. Northampton County, Hanover Township Board of Supervisors, 39 Pa. Commonwealth Ct. 466, 471, 395 A. 2d 697 (1978). So here, petitioners to lay out and adopt a public road upon whose petition the township supervisors simply failed to act within 60 days are provided with a secondary remedy of recourse to the court for the appointment of viewers to lay out and adopt the road. The question becomes whether the township supervisors did act upon the petition by refusing it, or whether they simply failed to act upon the petition.

538

The township argues that because petitioners had presented their request to the supervisors on numerous prior occasions on none of which their request had been granted, this constituted refusal of their petition when it was presented on August 23, 1979. The minutes of the meeting simply do not support this contention.

As indicated above, on February 22, 1979 the supervisors simply indicated that they *would act* on the Shaw Road application within 60 days. On May 14, 1979 a motion to so act failed of adoption. On August 13, 1979, when the request was again renewed, the supervisors stated that their "decision is firm," and that they would not discuss the matter further *"at this time,"* but that *"any further information* (should be presented) through the Twp. Manager." Finally, when the petition to readopt the road was last presented on August 23, 1979, one of the supervisors noted that he had "stated at the last meeting that all information pertaining to Shaw Road will have to be presented through the Manager," and petitioner was asked to give the papers to the manager *"for further consideration."*

It simply is inescapable that the supervisors *never did act* on the request to lay out and adopt Shaw Road as a public road. At the first cited meeting action simply was deferred, and at the second meeting no action was taken. The statement at the August 13, 1979 meeting that the "decision is firm" cannot be taken to mean a decision to refuse the request, since no such "decision" had been made. Even if that statement is considered a refusal, it immediately was undercut by the statement that there would be no further discussion *at this time,"* and petitioners specifically were instructed to submit "any further information" through the township manager. They did present such further

information, albeit directly to the supervisors rather than through the township manager, in the form of a further petition on August 23, 1979. The action of petitioners at that meeting may be considered either as the presentation of a new petition, which both parties agree they did not then present, or a renewal of their prior request. In either event, the supervisors clearly took no action at all at that time, but simply directed the papers to the township manager *"for further consideration."* Whether or not such further consideration was given, clearly no action, favorable or unfavorable, was taken on the August 23, 1979 petition.

It may be, as the township argues, that if the supervisors had in fact acted on the petition, their action would have been unfavorable, The fact remains that if the supervisors had refused the prayer of the petition on August 23, 1979, petitioners could not have availed themselves of the remedy of section 1101 of the code, supra. Instead, by the response the supervisors actually made on each occasion, they brought themselves within the proscription of the Humble Oil case and Morris case, supra, against indecision, protracted deliberations, inaction and procrastination.

The township still is not without a remedy. If it can establish before the viewers that Shaw Road should not be laid out and adopted as a public road, and the viewers so recommend, it will have achieved its desired result. Of course, petitioners also will have the opportunity in that proceeding to show to the contrary.

## CONCLUSIONS OF LAW

(1) The township failed to act within 60 days on the petition of petitioners to lay out and adopt Shaw Road as a public road.

(2) The viewers heretofore appointed by the court on the petition presented to the court by petitioners were properly appointed.

(3) The petition of the township to revoke the appointment of viewers must be dismissed.

## ORDER

And now, January 20, 1981, the petition of Windsor Township to revoke the appointment of viewers previously appointed by the court in this case is dismissed.

The clerk of courts shall furnish copies of this adjudication and order to counsel for both parties listed above, and also shall furnish copies of only this order to the viewers appointed by the court on November 26, 1979, Said viewers are now directed to proceed with their duties in accordance with the order appointing them.