# Anthony Cersosimo, Richard Wescott, Stanley Bills, and Donald E. Gould v. Town of Townshend

[431 A.2d 496]

No. 234-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed June 2, 1981

*Crispe & Crispe*, Brattleboro, for Plaintiffs.

*T. Hans Russell*, Townshend, for Defendant.

**Billings. J.** The plaintiffs-appellees petitioned the selectmen of the defendant-appellant Town of Townshend to lay out a public highway over certain private roads already constructed by the plaintiff Cersosimo in a real estate development known as Townshend Acres. The defendant town, acting through the selectmen, denied the petition. Pursuant to 19 V.S.A. § 461 et seq. the plaintiffs sought relief in the Windham Superior Court. The trial court appointed three commissioners, 19 V.S.A. § 462, to inquire into the convenience and necessity of the proposed highway. 19 V.S.A. § 464. After a hearing, the commissioners filed their report, 19 V.S.A. § 467, and by a two to one majority determined that the roads should be laid out as public highways. After a hearing, the superior court accepted the commissioners' report, 19 V.S.A. § 470, issued findings of fact and conclusions of law, and ordered the roads to be laid out and the defendant to accept and maintain them. The town appeals from this judgment.

Under Vermont law there are two methods of laying out public roads: statutory condemnation, and dedication and acceptance. *Demers* v. *City of Montpelier*, 120 Vt. 380, 141 A.2d 676 (1958); *Town of Springfield* v. *Newton*, 115 Vt. 39, 50 A.2d 605 (1947). The defendant argues that the method of statutory condemnation is not a permissible method for creating a public way over an already existing private road. The defendant contends that when a private road is already in existence the only method available is dedication and acceptance. This Court has never addressed this issue, although two cases have dealt with the statutory condemnation of

roads that were laid out at least in part over existing private roads. *Demers* v. *City of Montpelier, supra; Prince* v. *Town of Braintree,* 64 Vt. 540, 26 A. 1095 (1892). There was no objection in either case to the method used, however, and the Court did not discuss whether or not the procedure used was proper.

At least two other courts have addressed this issue. In *In re Kress,* 410 Pa. 565, 189 A.2d 848 (1963), the Pennsylvania Supreme Court concluded that statutory procedures analogous to those invoked here could not be used to force a town to accept an already existing private road. This decision was based in part on certain provisions of the Pennsylvania statutes suggesting that the procedures were available only when the petitioners requested the construction of a new road. *Id.* at 567, 189 A.2d at 849. There is nothing in the language of the Vermont statutes on condemnation, however, to indicate that the procedure may be used only when a new road is to be constructed. New Hampshire has a statutory scheme for the condemnation of highways similar to that of Vermont. N.H. Rev. Stat. Ann. § 234:28 et seq. The New Hampshire Supreme Court has held that statutory condemnation is not limited to the creation of new roads, but may be used for converting existing private roads into public roads. *Locke Development Corp.* v. *Town of Barnstead,* 115 N.H. 642, 349 A.2d 598 (1975); *Amoskeag Industries, Inc.* v. *City of Manchester,* 93 N.H. 335, 41 A.2d 917 (1945).

█ The defendant suggests that if statutory condemnation is available in this situation any developer may force a town to accept the burden of maintaining roads constructed by the developer on private lands. In view of the procedures that must be followed before a town can be forced to lay out a highway, this argument is without merit. At least five per cent of the freeholders in the town must petition the selectmen to lay out a highway. 19 V.S.A. § 341(a). The commissioners appointed after a petition to the superior court must make a finding of convenience and necessity, 19 V.S.A. § 464, and the superior court must concur in the commissioners' report. 19 V.S.A. § 470. We hold that statutory condemnation is an appropriate procedure for laying out a public highway over an existing private road.

The defendant also claims error in the trial court's finding that the public convenience and necessity dictate the taking over of the highway by the town. The defendant argues that the "necessity" required for laying out a public road is an absolute necessity, which can exist only if there is no existing access to the petitioner's property. Under 19 V.S.A. § 221(1), however, necessity is defined as "a reasonable need which considers the greatest public good and the least inconvenience and expense to the condemning party and to the property owner." It does not mean an imperative, indispensable or absolute necessity but only that the taking be reasonably necessary to the accomplishment of the end in view under the particular circumstances. *State Transportation Board* v. *May*, 137 Vt. 320, 403 A.2d 267 (1979); *Latchis* v. *State Highway Board*, 120 Vt. 120, 134 A.2d 191 (1957). This is a question of fact which is to be determined exclusively by the trial court. *Pillsbury* v. *Town of Wheelock*, 130 Vt. 242, 290 A.2d 42 (1972); *Bolles* v. *City of Montpelier*, 93 Vt. 513, 108 A. 565 (1920). The trial court's findings are to be reversed only if it is shown that substantial injustice has been done. *Bolles* v. *City of Montpelier, supra; Prince* v. *Town of Braintree, supra.* Absent an abuse of discretion the findings must stand. *State* v. *Ahearn*, 137 Vt. 253, 267, 403 A.2d 696 (1979). The evidence here disclosed that the roads would aid in fire protection, that the town tax revenues would increase without an undue burden in the cost of maintaining the highways, that they would connect two present dead-end town roads so that traffic could flow east and west on one town road and that they would permit more efficient and economic maintenance, particularly during the winter plowing season. The findings of necessity and public convenience are amply supported by the evidence.

*Affirmed.*