Joseph A. MYERS and J.A. Myers
Building and Development,
Inc., Appellants,

v.

PENN TOWNSHIP.

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2002.

Decided Dec. 13, 2002.

Rees Griffiths, York, for appellants.

Walter A. Tilley, III, York, for appellee.

BEFORE: COLINS, President Judge, and FRIEDMAN, J., and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Joseph A. Myers and J.A. Myers Building and Development, Inc., (Myers) appeal from an order of the Court of Common Pleas of York County (trial court), dated January 9, 2002, which granted summary judgment in favor of Penn Township (Township). We reverse and remand.

Myers filed for and received preliminary approval to develop three residential subdivisions on real estate that Myers owned in the Township. The first subdivision, Hall Estates I, received preliminary approval on May 4, 1987, and the second subdivision, Little Knoll Estates, received preliminary approval on January 22, 1988. On December 19, 1988, the Township enacted the Stormwater Management Ordinance (Ordinance), which was designed to "protect, maintain, and enhance the public safety, and general welfare, by establishing minimum requirements and procedures to control the adverse impacts associated with stormwater runoff." (R.R. at 30a.) The Ordinance requires developers to assume responsibility for the maintenance of stormwater facilities on their property and

to deposit sufficient funds to underwrite the perpetual maintenance and repair of the facilities prior to acceptance of facility maintenance obligations by the Township. (R.R. at 34a.)

After the Ordinance was passed, Myers received final approval for two phases of a third subdivision, Hall Estates II, on October 4, 1990, and April 15, 1991, respectively. Myers installed several stormwater management ponds on each of the three developments in accordance with the plans' specifications. The three subdivision plans also conditioned the dedication of the stormwater management facilities to the Township upon the Township's express consent.

The Township negotiated with Myers over the official dedication of the stormwater ponds to the Township, but the Township ultimately rejected Myers' offer of dedication because he would not agree to provide funds necessary for the Township to assume maintenance obligations pursuant to the Ordinance. The Township informed Myers that he would be required to continue to maintain each pond, and, during the past ten years, Myers has continued maintenance obligations for the stormwater ponds at a total estimated cost of $600 annually.

■ Myers filed a complaint against the Township seeking declaratory and monetary relief for the retroactive and unreasonable application of the Ordinance. The trial court concluded that Myers accepted the Township's condition that any dedication of stormwater management facilities required the Township's express consent, and, thus, Myers waived any future challenge to that condition. The trial court also dismissed Myers' claim that section 508(4)(ii) of the Pennsylvania Municipali-

ties Planning Code (MPC)[1] precluded the retroactive application of the Ordinance against the Hall Estates I and Little Knoll Estates developments. The trial court reasoned that section 508(4)(ii) was inapplicable because it was designed to prevent a subsequently enacted Ordinance from interfering with the *completion* of previously approved developments; here, the Hall Estates and Little Knoll developments were *completed,* and, thus, outside of the protections of section 508(4)(ii). The trial court held that Myers failed to deposit the required funds to underwrite stormwater management facility maintenance costs in accordance with the Township's Ordinance and granted summary judgment to the Township.[2] Myers now appeals from the trial court's order.[3]

## I. Retroactive Application of the Stormwater Ordinance

Myers first argues that the trial court erred in granting summary judgment because the Ordinance should not have been applied retroactively to the Hall Estates I and Little Knoll Estates developments. We agree.

 Section 508(4)(ii) of the MPC states:

When an application for approval of a plat, whether preliminary or final, has been approved without conditions or approved by the applicant's acceptance of conditions, no subsequent change or amendment in the zoning, subdivision or other governing ordinance or plan shall be applied to affect adversely the right of the applicant to commence and to complete any aspect of the approved development in accordance with the terms of such approval within five years from such approval.

53 P.S. § 10508(4)(ii).

 The Township admits that its refusal to accept dedication was based *solely* on Myers' failure to deposit funds in accordance with the subsequently enacted Ordinance.[4] To allow the Township to apply the Ordinance retroactively, basing its refusal to accept dedication exclusively on Myers' noncompliance with the Ordinance, circumvents the very purpose of section 508(4)(ii), which precludes such retroactive application. Thus, the Township's retroactive application of the Ordinance, which impeded Myers' ability to dedicate the stormwater management ponds to the Township, was improper under section 508(4)(ii) of the MPC.[5] Because the Ordi-

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508(4)(ii).

2. The trial court concluded that it did not need to reach any other issues raised by the parties because the Township was entitled to summary judgment as a matter of law.

3. In a land use appeal where the trial court has taken no additional evidence, this court's scope of review is limited to a determination of whether the governing body committed an error of law or abused its discretion. *Herr v. Lancaster County Planning Commission,* 155 Pa.Cmwlth. 379, 625 A.2d 164 (1993), *appeal denied,* 538 Pa. 677, 649 A.2d 677 (1994).

4. Had the Township refused to accept dedication because, for example, the ponds were improperly installed, were not within the plan requirements, or posed a public safety threat, we might be persuaded by the Township's argument. That is not this case.

5. Applying the same reasoning, we also reject the Township's claim that Meyers' cause of action is barred by the four year statute of limitations for contract actions. Although the present case has a contractual undertone with regard to the acceptance of dedication, we conclude that this is not, in fact, a contract issue. This matter involves the proper application of the MPC, which provides a five-year period for completing any aspect of a prior approved development in accordance with the terms of such approval. Having established that the MPC bars the retroactive application of the Ordinance against Hall Estates I and Little Knoll Estates, we must conclude that

nance's requirement that developers underwrite a development's stormwater maintenance costs prior to dedication cannot be applied retroactively to the Hall Estates I and Little Knoll Estates developments, we reverse the grant of summary judgment in favor of the Township.

## II. Unreasonable Application of the Ordinance

Hall Estates II is clearly within the governance of the Ordinance and subject to its fund management provisions. Myers alleges that the Township's estimate of future maintenance costs applicable to the Hall Estates II development was arbitrary and capricious. The trial court, however, failed to consider the issue, and Myers argues that the trial court should not have granted full summary judgment without addressing this claim. We agree.

▮ The Ordinance allows the Township Engineer to recommend the dollar amount of the escrow fund with approval from the Township Commissioners. Myers asserts that the Township's cost estimates are excessive,[6] whereas the Township maintains that its estimates accurately reflect anticipated costs for maintaining the stormwater facilities. The dispute over the legitimacy of the cost estimates clearly involves a factual matter and therefore, must be addressed by the trial court.

For all of the above reasons, we reverse the trial court's grant of summary judgment and remand for further proceedings in accordance with this decision, noting that the Township is bound by its admission that its refusal to accept dedication was *solely* because of Myers' noncompliance with the Ordinance, which we have deemed inapplicable to the Hall Estate I and Little Knoll Estates developments.

## ORDER

AND NOW, this 13th day of December, 2002, the order of the Court of Common Pleas of York County (trial court), dated January 9, 2002, which granted summary judgment to Penn Township, is reversed, and we remand this matter to the trial court for further proceedings in accordance with this opinion.

Jurisdiction relinquished.

---

the Township's failure to accept dedication based *solely* on the retroactive application of the Ordinance, prevented completion of the project and effectively stayed the MPC's five year implementation period. To hold otherwise would circumvent the purpose of the MPC.

6. Myers claims that, in 1991, the Township required a payment of $69,778.53 to the es-

crow account, and after the grant of summary judgment, the Township required a payment of $525,000. (R.R. at 76a–77a.) An inquiry into this matter is warranted to decide whether the disparity between the initial and subsequent estimates is reasonable and represents actual costs that the Township will incur for maintaining the stormwater ponds.