**Alfred R. HANSCOM and Verna G. Hanscom, Appellants**

v.

**Richard M. BITLER, David A. Rupert, and Robert J. McKay, all as supervisors of Muncy Creek Township and Muncy Creek Township.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 2, 2005.

Decided Sept. 26, 2005.

J. Howard Langdon, Muncy, for appellants.

Garth D. Everett, Pennsdale, for appellees.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

Alfred and Verna Hanscom appeal the order of the Court of Common Pleas of Lycoming County sustaining the demurrer of Muncy Creek Township and its supervisors (Township) and dismissing their complaint for failure to state a claim in mandamus.

In their civil action in mandamus the Hanscoms aver as follows. The Township approved the subdivision plan for Chippewa Acres II, Phase II located in Muncy Creek Township, Lycoming County and their plan and profile for Shawnee Drive along which the subdivision's lots are located. The roadway design plan was in full compliance with the subdivision ordinance in effect at the time of approval. Shawnee Drive was constructed pursuant to the Plan. All sixteen lots in the subdivision were sold, and the Hanscoms submitted a proposed deed of dedication with a proposed resolution of acceptance of the dedication of Shawnee Drive to the Township. Notwithstanding the Hanscoms' compliance with the applicable ordinances, the Township refuses to accept dedication of Shawnee Drive. The Hanscoms aver that the intent of the Township's subdivision and land development ordinance is that the Township will accept a proposed dedication once the ordinance's requirements are met. They allege that they complied with the subdivision ordinance requirements for streets for proposed dedication and that it would be in their best interests and the best interest of the lot owners for the Township to accept dedication of Shawnee Drive as a public road.

In sustaining the Township's demurrer, the trial court concluded that the Hanscoms failed to establish or aver that the Township is required to accept dedication of the street. The trial court concluded that although the subdivision ordinance sets forth standards or requirements for public streets, acceptance of dedication of a street under the ordinance is discretionary.

 On appeal,[1] the Hanscoms argue that the trial court failed to consider the

---

1. Our review of a trial court's order sustaining a demurrer is to determine whether on the facts alleged the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa.Cmwlth. 243, 629 A.2d 270 (1993). The court must accept as true all well plead allegations, material facts averred, and inferences deducible therefrom; all doubt should be resolved in favor of overruling the demurrer. *Id.*

intent of the ordinance, which sets forth separate requirements for private streets that will not be offered for dedication and for streets that will be offered for dedication as public streets, and that the trial court failed to consider Section 508 of the Pennsylvania Municipalities Planning Code[2] and this Court's decision in *Myers. v. Penn Township*, 812 A.2d 766 (Pa. Cmwlth.2002), which, they argue, preclude retroactive application of an ordinance adopted after a subdivision plan is approved. The Township counterargues that it is empowered to accept a road offered for dedication, but not required to do so, and that nothing in The Second Class Township Code or Municipalities Planning Code requires a township to accept dedication of a street or road. We agree.

■ A writ of mandamus is an extraordinary remedy that may be issued to compel the performance of a ministerial act or mandatory duty only when a clear legal right exists in the plaintiff, a corresponding duty exists in the defendant, and no other appropriate and adequate remedy is available. *Williams v. Worley*, 847 A.2d 134 (Pa.Cmwlth.2004). A writ may not be used to control a public official's exercise of discretion or judgment, or to review the official's action, or to compel the revocation of action when taken in good faith and in the exercise of legitimate jurisdiction. *Id.*

■ Section 2316 of The Second Class Township Code (Code),[3] 53 P.S. § 67316, Acceptance of land for road purposes, states:

(a) The board of supervisors may by resolution accept any land dedicated by deed to the township to be used as a road, street or alley. A copy of the resolution, together with a draft or survey of the road, street or alley, showing location and width thereof, shall be filed with the clerk of the court of common pleas.

(b) When plans of dedicated roads, streets or alleys located in townships have been approved and recorded under this article, the board of supervisors may by resolution accept any roads, streets or alleys as public roads if shown in the plans as dedicated to that use and if the roads or streets are not less than thirty-three feet in width and the alleys are not less than fifteen feet in width.

(c) Upon the filing with the clerk of court of common pleas of the county a certified and attested copy of the resolution, the roads, streets or alleys become a part of the public road system of the township and shall be so recorded in the court.

The plain language of Code Section 2316 makes the acceptance of a proposed dedication discretionary. It is the act of acceptance of a dedicated parcel of land that makes the dedication complete. *Lillo v. Moore*, 704 A.2d 149 (Pa.Super.1997), *petition for allowance of appeal denied*, 555 Pa. 713, 724 A.2d 349 (1998).

The Township's Subdivision and Land Development Ordinance (Ordinance), Section 101B., Intent, states that "these regulations shall establish standards of design and development ... and prescribe conditions of acceptance of public improvements by the Township." With respect to street classification, Ordinance Section 301A.2. states, "Subdividers and [sic] proposing public dedication of streets within a subdivision shall submit road design and construction plans which meet the minimum

**2.** Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508, which pertains to approval of plats.

**3.** Act of May 1, 1933, P.L. 103, *as amended*, added by Section 1 of the Act of November 9, 1995, P.L. 350.

specifications of the Township. A deed which dedicates to the Township the land to be used as a public street shall be recorded with the final plan." Subsection A.3. states, "Private streets include all streets not dedicated, accepted, and maintained as public streets." Although a developer may propose public dedication of a street and in that case must meet the minimum specifications or conditions for acceptance, the Ordinance does not obligate the Township to accept dedication of a road or street, and any street not accepted and maintained as a public street is classified as a private street.

The Hanscoms in this case fail to demonstrate an established legal right to the relief they request. Moreover, as the Township suggests, they have an appropriate and adequate remedy through the procedure of Code Section 2304,[4] 53 P.S. § 67304, by petitioning the Township supervisors to lay out and open the street. *See also Lank v. Hughes*, 402 Pa. 284, 167 A.2d 268 (1961).

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 26th day of September 2005, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is affirmed.

4. Added by Section 1 of the Act of November 9, 1995, P.L. 350.