## State of Vermont v. Douglas Malinowski

[536 A.2d 921]

No. 85-131

Present: **Allen, C.J., Dooley, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.), and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed October 9, 1987

*Jeffrey L. Amestoy*, Attorney General, *Susan R. Harritt*, Assistant Attorney General, *Stephen Norten*, Legal Intern, Montpelier, *John T. Quinn*, Addison County Deputy State's Attorney, and *Theresa St. Helaire*, Law Clerk (On the Brief), Middlebury, for Plaintiff-Appellant.

*David W. Curtis*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Defendant-Appellee.

**Dooley, J.** This criminal case was interrupted at an early stage of the proceedings to allow the State to appeal the trial court's decision to grant the defendant's motion to suppress a confession.

The defendant is charged with stealing four tires and wheels from an automobile dealership.

Based on the confession of an alleged co-conspirator which implicated defendant in the crime, a local police officer went to the residence of the defendant to arrest him. The defendant was arrested, handcuffed and placed in a police cruiser. Inside the cruiser, the officer read the *"Miranda* Warnings" to the defendant from a card.

The officer then asked the defendant two questions. The first was: "Do you understand each of these rights I have explained to you?" To this question, the defendant responded: "Yes." The second question was: "Having these rights in mind, do you want to talk to me now?" The defendant also responded: "Yes" to this question. On receiving these answers, the officer questioned defendant about the crime. Defendant confessed to stealing the tires and wheels.

The defendant moved at trial to suppress the confession given to the officer in the police cruiser. He raised two different grounds for suppression. First, he argued that the public defender statute, 13 V.S.A. § 5234, requires a written waiver of the right to counsel. Since no written waiver was given in this case before the defendant made a statement, the defendant argued that the statement should be suppressed. Second, defendant argued that there was no waiver of the right to counsel as provided under the *Miranda* decision. Therefore, defendant argued that the statement was taken in violation of defendant's constitutional rights under the Fifth and Sixth Amendments to the United States Constitution and should consequently be suppressed.

The trial court held an evidentiary hearing on the motion to suppress. The defendant did not testify at the hearing. The only evidence was the testimony of the officer who indicated that the *Miranda* warnings and the questions were read from a card used routinely by the officers of his police department. The card was introduced into evidence.

Based on this evidence, the trial court suppressed the confession. The court found that the second question—asking whether the defendant was willing to talk at the time of the question—elicited a waiver of the defendant's right to remain silent. However, the court found that the answer to this question did not in any way waive the right to counsel because the question did not address this independent right. Further, the court found that

a valid waiver could not be "inferred from the actions and words of the person interrogated." Thus, the court held that the confession was obtained in violation of the defendant's rights under the *Miranda* decision. The trial court did not rule on the defendant's claim that the public defender statute requires a written waiver of counsel before a confession is given.

The State received permission from the trial court to bring this interlocutory appeal pursuant to V.R.A.P. 5(b). It raises three questions of law for appeal, which reduce to one question: Whether the trial court erred in finding that defendant did not waive his *Miranda* rights.

The standards for waiver of the rights enunciated in *Miranda* v. *Arizona*, 384 U.S. 436 (1966), were first set forth in the *Miranda* decision itself. The Court stated that it was possible for a defendant to waive the privilege against self-incrimination and the right to counsel, but "a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently" waived these rights. *Id.* at 475. The Court found that an express statement that a defendant is willing to make a statement and does not want an attorney "could constitute a waiver," but cautioned that a valid waiver "will not be presumed simply from the silence of the accused" or the presence of the confession. *Id.*

In *North Carolina* v. *Butler*, 441 U.S. 369 (1979), the Court held that waiver can be inferred from the actions and words of the person being interrogated and that an express waiver is not always required. *Id.* at 373.

*Butler* should be seen more as a clarification than a modification of the *Miranda* waiver standard. The Court restated the burden language of *Miranda*:

> The courts must presume that a defendant did not waive his rights; the prosecution's burden is great . . . .

*Id.*; see also *Tague* v. *Louisiana*, 444 U.S. 469 (1980); *Brewer* v. *Williams*, 430 U.S. 387, 404 (1977) (court must "indulge in every reasonable presumption against waiver"). It also reiterated that an express statement of waiver is "not inevitably . . . sufficient to establish waiver." *Butler*, 441 U.S. at 373. The question of waiver must be determined on the facts and circumstances of the case "including the background, experience and conduct" of the defendant. *Id.* at 374-75 (citations omitted).

520

The Court has more recently described its waiver rule as a "totality-of-the-circumstances approach." *Fare* v. *Michael C.*, 442 U.S. 707, 725 (1979). The Court went on to hold that

> The totality approach permits—indeed, it mandates—inquiry into all the circumstances surrounding the interrogation. This includes evaluation of the [defendant's] age, experience, education, background, and intelligence, and into whether he has the capacity to understand the warnings given him, the nature of his Fifth Amendment rights, and the consequences of waiving those rights.

*Id.*

■ We have had numerous occasions to examine asserted waivers of *Miranda* rights. See *State* v. *Trombley*, 147 Vt. 371, 518 A.2d 20 (1986); *State* v. *Harvey*, 145 Vt. 654, 497 A.2d 356 (1985); *State* v. *Anderkin*, 145 Vt. 240, 487 A.2d 142 (1984); *State* v. *Mosher*, 143 Vt. 197, 465 A.2d 261 (1983); *State* v. *Clark*, 143 Vt. 11, 460 A.2d 449 (1983); *State* v. *Badger*, 141 Vt. 430, 450 A.2d 336 (1982); *State* v. *Hohman*, 136 Vt. 341, 392 A.2d 935 (1978); *State* v. *Breznick*, 134 Vt. 261, 356 A.2d 540 (1976). We have routinely emphasized the heavy burden the State bears in showing a waiver and have also indicated great deference to the trial court's findings under the totality of circumstances approach. In *State* v. *Harvey*, 145 Vt. at 657, 497 A.2d at 357-58, this Court upheld a lower court finding that the defendant had not knowingly and intelligently waived his Fifth Amendment rights because of his abnormal mental state. We stated that it was for the trial court to determine the weight and sufficiency of the evidence and the credibility of the witnesses. Thus, the trial court's findings must stand if they are supported by substantial credible evidence and are not clearly erroneous.

This case does not fit the pattern of earlier *Miranda* waiver cases. Instead of looking at the totality of the circumstances, the trial court looked at only one factor—the ambiguity in the question asked by the officer in order to obtain an express waiver of *Miranda* rights. The court made no findings on defendant's background, experience and conduct, and there is little information about these factors in the record. There were no issues relating to the weight and sufficiency of the evidence or credibility of the witnesses. In essence, the court ruled that the question posed by

the officer could never lead to an effective waiver under any circumstances.

We emphasize this point about this case because defendant argues forcefully that this case must turn on the deference accorded to the factual conclusions of the trial court on whether a waiver is knowing and intelligent. As defendant points out, the high burden the State faces combined with the deference accorded trial court findings has meant that this Court has never reversed a case where the lower court found that an asserted waiver was ineffective. This argument is not entirely relevant to the present case because of the nature of the findings made below.

■ For two reasons, we hold that the trial court misapplied the relevant decisions on *Miranda* waivers and reverse for a new hearing on the motion to suppress.

The first reason is that we disagree that defendant's affirmative response to the invitation to answer questions could not be found to be an express waiver. The ambiguity the trial court found is quite technical. The question immediately followed the *Miranda* warnings which detailed the right to talk to a lawyer before questioning and to have a lawyer present during questioning. The defendant had just responded that he understood these rights. The question referred to "these rights"—that is, more than the right to remain silent. See *Anderson* v. *Smith*, 751 F.2d 96, 101 (2d. Cir. 1984). While the question failed to mention a waiver of the right to counsel specifically, it was difficult for the defendant "to talk to [the officer] . . . now" and at the same time have a prior consultation with a lawyer or have a lawyer present. It is important that the *Miranda* warnings and asserted expressed waiver occurred in the police cruiser in the yard of defendant's home immediately after the arrest.

We also find it relevant that the waiver questioning used by the officer appears in numerous other cases, apparently without challenge. See, e.g., *State* v. *Brodeur*, 126 N.H. 411, 417, 493 A.2d 1134, 1138 (1985); *State* v. *DeLong*, 505 A.2d 803, 808 (Me. 1986).[1] The *Miranda* warnings and questions were printed on a card available from the state police and apparently used regularly by others. While the apparent widespread use of the waiver ques-

---

[1] Ironically, in *State* v. *DeLong*, the defendant alleges there was no waiver because the officer failed to ask the question which the defendant challenges in this case.

tioning is not determinative, it is evidence that others have not found fatal ambiguity.

Most important, however, is the total absence of any findings bearing on whether this particular defendant could have been confused by the question. We do not know the defendant's experience, education, background, intelligence or capacity to understand the warnings and the meaning of a waiver. This totality of circumstances inquiry is specifically mandated by *Fare* v. *Michael C., supra,* and appears in one form or another in our decisions. See, e.g., *State* v. *Mosher,* 143 Vt. at 203-04, 465 A.2d at 264-65; *State* v. *Badger,* 141 Vt. at 441-42, 450 A.2d at 343.

We agree with defendant that the officer's questioning would have been more precise if it referred to a specific waiver of counsel and that such an addition can easily be made to the standard form warnings and waiver questions.[2] We doubt, however, that the imprecision would be determinative if, for example, the trial court had found that defendant had been arrested numerous times in the past, had received and understood *Miranda* warnings in the past and had invoked the right to counsel in the past. On the other hand, a waiver by a minor, facing a first arrest and with below normal intelligence, might not be "knowing and intelligent."

The second reason for reversal is that the trial court failed to address fully the State's position that an implied waiver occurred here under *North Carolina* v. *Butler, supra.* While the trial court noted that an implied waiver could be "inferred from the actions and words of the person interrogated," it held that this "is not such a case" without explanation. The court made virtually no findings on the actions and words of the defendant other than the fact he answered "yes" to two questions from the officer. It appears that the court believed that a waiver by implication could not be found where there was an ineffective express waiver.

Based on the *Butler* test, it is possible to find implied waivers in cases like this even if there had been no attempt to obtain an express waiver. For example, in *State* v. *DeLong, supra,* the officer read from a *"Miranda* card" which was apparently very similar to the card used in this case. However, in *DeLong,* the officer

---

[2] Reported decisions show the use of such questions to obtain express waivers. See *Fare* v. *Michael C.,* 442 U.S. at 710-11; *State* v. *Trombley,* 147 Vt. at 372-73, 518 A.2d at 22. Obviously, addition of a question specifically addressed to the right to counsel would help a resulting waiver pass constitutional muster.

failed to read the final question that asked whether the defendant would "answer questions at this time." The defendant argued that no waiver could be found because of the failure to ask the final question. The court disagreed, and affirmed a finding of waiver, holding that a waiver could be implied from the circumstances.

There is no indication that the trial court recognized the possibility of an implied waiver apart from defendant's answers to the officer's questions. Indeed, the court's statement that this "is not such a case" for an implied waiver suggests it felt that the request for an express waiver through an ambiguous question precluded a finding of waiver by implication. We believe that the question and answer should have been considered as one of the circumstances in a totality of the circumstances analysis.

Because the trial court made no findings based on a waiver by implication theory, our only course is to reverse for further findings. It is for the trial court to decide, based on all the circumstances, whether a constitutionally valid waiver has in fact occurred.[3]

One other point bears mentioning. The sparse record and findings in this case were induced in part by the actions of the State and the defendant. In response to the motion to suppress, the State offered as evidence only brief testimony of the arresting officer. The defendant offered no evidence beyond a brief cross-examination of the officer and made no claim that the waiver was not knowing and intelligent other than that the officer's question was ambiguous. The trial court asked no questions and indicated no dissatisfaction with the state of the evidence.

The State clearly has the burden of proof here. See *State* v. *Anderkin*, 145 Vt. at 244, 487 A.2d at 144. We are reluctant to assign to the State the fault for the inadequate record and findings in this case because the trial judge gave no indication that he

---

[3] Our disposition of this case makes it unnecessary to consider some of the points argued. Defendant has argued that we should reject the holding of *North Carolina* v. *Butler* and require an explicit waiver under the state constitution. We decline to do so on this record because defendant did not make this argument below and because reversal would be required in any event. See *State* v. *Maguire*, 146 Vt. 49, 54, 498 A.2d 1028, 1031 (1985). Similarly, we decline to rule on whether the State must show waiver "beyond a reasonable doubt" under our constitution for the same reasons. Finally, we do not reach the issues raised about the public defender statute since they were not considered below.

found the express waiver ambiguous at the time evidence was being offered. We think the trial judge bears a greater responsibility to ensure that an adequate record is developed to form a judgment on whether the defendant waives *Miranda* rights. Numerous facts and circumstances should be looked at. See, e.g., *State v. Toste*, 198 Conn. 573, 580-81, 504 A.2d 1036, 1041 (1986) (itemizes the factors to be considered). Much of the relevant information was likely to be available from the arresting officer, without testimony from the defendant, and could have been elicited in his testimony. On remand, further evidence should be taken to determine whether either an express or implied waiver has occurred in this case.

*Reversed and remanded for proceedings not inconsistent with this opinion.*