## Michael BLUM v. Theodore H. FRIEDMAN, Robert G. Oakes, Frank R. Pinto, Town of Winhall Selectboard and Town of Winhall

[782 A.2d 1204]

No. 00-341

September 12, 2001. Plaintiff Michael Blum appeals from the Bennington Superior Court's grant of the V.R.C.P. 12(b)(6) motion to dismiss of defendants Theodore Friedman, Robert Oakes, Frank Pinto, the Town of Winhall Selectboard and the Town of Winhall (collectively Town). Plaintiff claims the trial court erred in (1) applying an incorrect standard in dismissing his complaint[1], (2) applying the exception within 1 V.S.A. § 313(a)(1), (3) dismissing his First Amendment claim, and (4) dismissing his access to public documents and breach of contract claims. We reverse and remand.

When reviewing judgments of dismissal under V.R.C.P. 12(b)(6) we accept all allegations pleaded in the complaint, as well as reasonable inferences from the complaint, to be true, and treat all contrary allegations of the moving party as false. *Amiot v. Ames*, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997). Plaintiff's complaint states that he resides in the Town of Winhall, and his home is located in an area where many nonresidents own homes. The Stratton Corporation provides municipal services to these home owners, including road maintenance and

---

[1] We do not reach this claim independent of the substantive claims.

improvements, under a contract negotiated with the town. The Stratton Corporation charges the home owners directly, and not the town, for the services. Periodically, the corporation and the town renegotiate the agreement for the services the corporation provides. Plaintiff requested to be present during the renegotiation meetings between the town selectboard and the corporation, and was refused.

Plaintiff also requested property tax documents in electronic format under Vermont's access to public documents law, 1 V.S.A. § 316(a). The town agreed to provide the documents in return for a fee, which plaintiff paid. The town has now refused to provide the documents.

As to the meetings, plaintiff alleged that defendants violated the open meeting law and, also, violated his First Amendment right of access to the meetings and sought a declaratory judgment and an injunction against conducting future meetings in executive session. As to the documents, plaintiff alleged that defendants violated the access to public records law and breached the contract to provide him the records. On these counts, he sought an order requiring defendants to give him the records.

In response to defendants' motion to dismiss, the court dismissed plaintiff's complaint ruling: (1) preliminary contract negotiations of the kind involved here are exempted from public access by 1 V.S.A. § 313(a)(1); (2) plaintiff has failed to demonstrate that he suffered harm from the denial of access to the negotiation because he can be present when the selectboard formally signs the resulting agreements in open session; (3) because plaintiff had no right to be present at the negotiating sessions, his First Amendment claim fails; (4) plaintiff's complaint demands a "usable" copy of the tax records, and the law does not require the town to produce records in that format; (5) if plaintiff has no right to the records

under the statute, his contractual claim must also fail.

The standard to be applied to a Rule 12(b)(6) motion is set out in *Amiot*: to grant the motion, it must appear " 'beyond doubt' that there exist no facts or circumstances that would entitle the plaintiff to relief." 166 Vt. at 291, 693 A.2d at 677 (quoting *Levinsky v. Diamond*, 140 Vt. 595, 600-01, 442 A.2d 1277, 1280-81 (1982)). Using this standard, we cannot affirm the decision of the trial court.

Plaintiff first argues that the court erred in applying the open meeting law exception in 1 V.S.A. § 313(a). Vermont's open meeting law requires meetings of a public body "to be open to the public at all times, except as provided in section 313." 1 V.S.A. § 312(a). In *Trombley v. Bellows Falls Union High School*, 160 Vt. 101, 104, 624 A.2d 857, 860 (1993), we ruled that Vermont's open meeting law is to be construed liberally, except that the exceptions must be construed strictly, in order to provide "open access to public meetings for members of the public." The exception relevant to this case, and invoked by the trial court, is the exception contained in 1 V.S.A. § 313(a)(1).[2] This exception allows public bodies to hold executive sessions to consider "[c]ontracts [and] labor relations agreements with employees" if "premature general public knowledge would clearly place" the town "at a substantial disadvantage." *Id.* Accordingly, discussion of contracts in executive session is permissible only

---

[2] The superior court assumed that the negotiating sessions are meetings for purposes of the act, see 1 V.S.A. § 310(2), and neither party has contested that assumption. Similarly, the parties agree that § 313(a)(1) applies, although the "meetings" are negotiating sessions in which the other party to the contract is present. We rely on both assumptions without examining their accuracy.

when a "substantial disadvantage" is present. *Id.*; see also *Trombley*, 160 Vt. at 104-05, 624 A.2d at 860.

In essence, the superior court held that all contract negotiations necessarily meet the statutory standard. That approach is prohibited by *Trombley*, which requires a case by case analysis of the application of the "substantial disadvantage" proviso in the exception. *Trombley*, 160 Vt. at 104, 624 A.2d at 860-61. Indeed, it is unclear how access to the negotiation would place the town at a substantial disadvantage since the adversary in the negotiation, Stratton Corporation, is already present.

Defendants argue, however, that we should not consider this objection to the superior court decision because plaintiff never raised the application of the statutory exception in his complaint. We reject this argument as inconsistent with the limited role of the court in addressing a Rule 12(b)(6) motion. Plaintiff pled that the negotiating meetings should be open under the open meeting law, and the decision to hold them in executive session was unlawful. It is up to defendants to show that they are entitled to an exception from public access and that "no facts or circumstances" would entitle plaintiff to relief.

Second, plaintiff alleges that the court erred in concluding that he does not have standing. The private remedy provision of the open meeting law requires that plaintiff be "aggrieved" by the action of the town. 1 V.S.A. § 314(b); *Trombley*, 160 Vt. at 105, 624 A.2d at 861. We have applied general standing doctrine to similar statutory standing requirements. See *In re Diel*, 158 Vt. 549, 552, 614 A.2d 1223, 1225-26 (1992). The main standing requirement is that plaintiff show threat of injury to a protected interest. *Richards v. Town of Norwich*, 169 Vt. 44, 49, 726 A.2d 81, 85 (1999); see generally *Parker v. Town of Milton*, 169 Vt. 74, 77, 726 A.2d 477, 480 (1998). In the context of a motion to dismiss, plaintiff has pled sufficient injury to show he is aggrieved.

*Richards*, 169 Vt. at 49, 726 A.2d at 85. The town is negotiating the level of fees and charges which plaintiff will pay, and he wants to observe what positions his elected officials take in that negotiation.

We cannot accept that plaintiff does not have standing because he can object to any contract before the selectboard formally agrees to it, an act they have to take in open session. See 1 V.S.A. § 313(a). Under that theory no member of the public can ever object to an executive session because the law requires that the formal acts be taken in open session.

Next, plaintiff argues that the court erred in dismissing his access to public documents law claim. Again, we stress that the standard is whether the complaint shows beyond doubt that there are no facts or circumstances that would entitle plaintiff to relief. The court focused on the allegations that defendants offered some records to plaintiff, but plaintiff found the records offered not usable and complete. The court held that the statute does not require that copies of requested material be in "usable" form; rather it requires only that the material be presented in "standard format" in "which the record is maintained." 1 V.S.A. § 316(h). On this theory, it dismissed the complaint as inadequate. While we agree with the superior court that the statute does not require the agency to provide the information in usable form, plaintiff also alleged that the information was not complete. Again, we conclude that the court struck too soon in dismissing the complaint.

We have a similar reaction to the last issue — the rejection on the face of the complaint of plaintiff's theory that defendants contractually obligated themselves to provide the information in the format plaintiff requested. We see nothing in the law which prevents a public agency from contractually binding itself to provide electronic versions of

documents in a specified format in return for sufficient consideration.

Plaintiff also filed a motion to take judicial notice of the judgment of the Bennington Superior Court decision in the companion tax appeal case. We find the information contained in the companion case to be unnecessary to our decision, and we have not considered this evidence. See *State v. Malinowski*, 148 Vt. 517, 523 n.3, 536 A.2d 921, 925 n.3 (1987).

*Reversed and remanded.*