2005 VT 52

## Timothy CORCORAN v. DEPARTMENT OF EMPLOYMENT AND TRAINING

[878 A.2d 1069]

No. 04-267

¶ 1. May 12, 2005. Appellant Timothy Corcoran, the Town Clerk of Bennington, Vermont, appeals a decision of the Employment Security Board holding that he lacked standing to appeal a determination of the Department of Employment and Training (DET). We affirm.

¶ 2. The facts here are not in dispute. In October 2003, Mr. Corcoran submitted a status report to DET in order to register as an employer liable to the unemployment insurance fund for coverage for the Assistant Town Clerk, his lone employee. In December 2003, DET advised Mr. Corcoran: (1) that he was "not the employer for unemployment purposes of any individual acting in the capacity of Assistant Town Clerk"; and (2) that "we have determined your business to be nonliable at this time." After Mr. Corcoran requested review, a DET appeals referee reversed the nonliable determinations, concluding that Mr. Corcoran was the assistant clerk's employer and was liable for unemployment contributions. The DET Commissioner appealed to the Board, which held that Mr. Corcoran was not an "aggrieved" party under 21 V.S.A. § 1337a(a) and vacated the referee's decision. Mr. Corcoran then appealed to this Court.

¶ 3. Because the facts are not in dispute, we need only consider whether the Board's legal determination of Mr. Corcoran's status as an "aggrieved" party was correct — a question of law we review de novo. See *Shain v. Ellison*, 356 F.3d 211, 214 (2d Cir. 2004) (noting that "[t]he existence of standing is a question of law"). Under § 1337a(a), an employer has standing to petition the Commissioner for a hearing before a referee only if it is "aggrieved by an administrative determination." In applying other statutes that extend private remedies or appeal rights to "aggrieved" parties, we have "applied general standing doctrine," which requires that plaintiff suffer an "injury in fact." *Blum v. Friedman*, 172 Vt. 622, 624, 782 A.2d 1204, 1207 (2001) (mem.) (addressing 1 V.S.A. § 314(b), the private remedy provision of the open meeting law); see also *In re Diel*, 158 Vt. 549, 552, 614 A.2d 1223, 1225-26 (1992) (finding that petitioners were "aggrieved" under Vermont's Administrative Procedure Act, 3 V.S.A. § 815(a)). Therefore, to have standing under 21 V.S.A. § 1337a(a), a party must show an "invasion of a legally protected interest," *Hinesburg Sand & Gravel Co. v. State*, 166 Vt. 337, 341, 693 A.2d 1045, 1048 (1997) (quotations omitted), resulting from a DET administrative determination.

¶ 4. Because DET's nonliable determinations neither required Mr. Corcoran to contribute to the unemployment insurance trust fund nor imposed any other obligation, the Board correctly recognized that they "do not deny a property right, impose a burden, or cause any cognizable injury or recognizable harm." See *Akroyd v. R.I. Dep't of Employment Sec., Bd. of Review*, 585 A.2d 637, 639 (R.I. 1991) (holding that employer lacked standing to challenge decision finding former employee eligible for unemployment benefits, because decision did not impact employer's liability to unemploy-

ment fund). In addition, as the State points out, the unemployment statutes expressly apply to employees of "this state or any political subdivision thereof." 21 V.S.A. § 1301(6)(A)(x)(II). Thus, this case does not implicate the assistant clerk's eligibility for unemployment benefits, so that Mr. Corcoran's argument that he has a "direct, financial interest in whether his assistant qualifies for unemployment compensation" must fail. Mr. Corcoran did not suffer an invasion of any legally protected interest, and thus he lacked standing to appeal the nonliable determinations.

*Affirmed.*