STATE OF VERMONT

SUPERIOR COURT                                      ENVIRONMENTAL DIVISION
Environmental Division Unit                         Docket No. 106-7-14 Vtec

---

NRB v. Stratton Corporation

---

## ENTRY REGARDING MOTION

Count 1, NRB Enfc. Land Use Panel AOD (106-7-14 Vtec)

Title:          Motion to Amend Scheduling Order (Motion 12)
Filer:          Treetop at Stratton Condo Assn
Attorney:       A. Jay Kenlan
Filed Date:     September 25, 2015

Response filed on 10/12/2015 by Attorney Lisa B. Shelkrot for Respondent Stratton Corporation
        Opposition

**The motion is GRANTED IN PART and RESERVED IN PART.**

Count 1, NRB Enfc. Land Use Panel AOD (106-7-14 Vtec)

Title:          Motion to Add Expert Witness (Motion 13)
Filer:          Treetop at Stratton Condo Assn
Attorney:       A. Jay Kenlan
Filed Date:     September 25, 2015

Response filed on 10/15/2015 by Attorney Lisa B. Shelkrot for Respondent Stratton Corporation
        Opposition

**The motion is RESERVED.**

Pending before the Court are two discovery motions filed by Treetop at Stratton Condominium Association (the Association) in the Association's underlying challenge to the adequacy of an assurance of discontinuance (AOD) between Treetop Development Company, LLC; Treetop Three Development Company, LLC; Intrawest Stratton Development Corporation; and The Stratton Corporation (collectively, Stratton) and the Vermont Natural Resources Board (NRB).  The first is a motion to amend the Court's scheduling order of September 9, 2015 to require Stratton to organize produced documents either topically or in a manner consistent with the ordinary course of business. The second is a motion to add an expert witness to the trial list beyond the deadline for expert disclosures.

The AOD that is the basis for the underlying dispute concerns Stratton's construction of twenty five three-unit townhomes near Stratton Mountain in Stratton, Vermont (the Development). The Association's members own condominiums in the Development. Stratton obtained an Act 250 permit for the Development in 2002, but then deviated from the permit

during construction without first obtaining an amended permit. Stratton's violations involved three components of the Development: the stormwater system, fire truck accessibility, and the Development's retaining walls. Stratton ultimately obtained an amended Act 250 permit in 2013. The amended permit largely accommodated the Development as built, though it did also require Stratton to undertake certain remedial measures. The Association participated in the permit amendment proceedings. No party appealed the amended permit, and it therefore became final and binding. See In re Stowe Club Highlands, 166 Vt. 33, 37 (1996) ("[A]n original permit is a prior judgment that without question binds the parties."); see also Re: Roger V. and Beverly Potwin, No. 3W0587-1-EB, Mem. of Decision, at 12 (Vt. Envtl. Bd. Jul. 15, 1997).

As part of the permit amendment proceedings, the District Commission referred Stratton's violations of its Act 250 permit to the NRB for enforcement. Pursuant to 10 V.S.A. § 8007, Stratton and the NRB negotiated an AOD that required Stratton to comply with its amended permit, perform the remedial work to the Development's stormwater system specified in the amended permit, and pay a monetary penalty.

The NRB filed the AOD with the Court, and the Association moved for permissive intervention to challenge the adequacy of the AOD. In its motion to intervene, the Association argued that it was an "aggrieved person" under 10 V.S.A. § 8020 because it had a particularized interest in ensuring that the AOD contained adequate stormwater remediation measures. The Court granted its motion.

In a decision dated July 13, 2015, the Court dismissed on summary judgment the Association's challenges to the adequacy of the remedial measures in the AOD, reasoning that these challenges amounted to an impermissible collateral attack on the final and binding amended Act 250 permit, which the Association failed to appeal. NRB v. Stratton Corp., No. 106-7-14 Vtec, slip. op. at 1 (Vt. Super. Ct. Envtl. Div. Jul. 13, 2015) (citing In re Cent. Vt. Pub. Serv. Corp., 172 Vt. 14, 20 (2000)). This left only the issue of whether the AOD imposed adequate monetary penalties.

Since the Court's July 13, 2015 summary judgment decision, the parties have been involved in a discovery dispute that has absorbed significant time and resources of the parties and the Court.[1] As the Court has continued to deliberate over the issues in this matter, the Court now sua sponte raises the issue of whether the Association continues to qualify as an "aggrieved person" under 10 V.S.A. § 8020 with standing to participate in a proceeding that is entirely dedicated to the adequacy of the AOD's monetary penalty.

Section 8020 of Title 10 of the Vermont Statutes allows an "aggrieved person" to move for permissive intervention in an enforcement matter in order to challenge the adequacy of an administrative order, assurance of discontinuance, or civil citation. 10 V.S.A. § 8020(c), (h). To be an aggrieved person, a party must allege an "injury to a particularized interest" protected by one of the environmental statutes listed in 10 V.S.A. § 8003(a), and that injury must be attributable to the violations addressed in the order, assurance, or citation. 10 V.S.A. § 8020(a). An organization may be an aggrieved person if "one or more of [the organization's] members would be an aggrieved person in his or her own right, the interests at stake are germane to the purposes of the organization or association, and neither the claim asserted nor the relief

---

[1] The Association filed a motion to compel discovery on August 18, 2015. The Court held an in-person hearing on the motion to compel on September 9th. The Court ordered additional discovery and issued a revised scheduling order after this hearing. The Association filed the present motions following the Court's September 9 Order.

requested by the organization or association requires participation of the individual member." 10 V.S.A. § 8020(a). The Court infers a final requirement in the "aggrieved person" definition— that a party's particularized injury be redressable in a given proceeding. This redressability requirement is necessary to give effect to the three other requirements in the definition; there would be no purpose in requiring an aggrieved party to identify a particularized injury caused by a violation if the Court did not have the power to redress that injury. A redressability requirement ensures that the aggrieved party's participation is relevant to the specific matter before the court, and prevents the expenditure of court resources on unresolvable concerns.[2]

In its original motion to intervene, the Association argued that it had a particularized interest in insuring the adequacy of the stormwater remediation measures in the AOD because the Association's members, as residents and real property owners, would feel the brunt of any environmental degradation from an unremediated system and because the Association will ultimately assume control of the system. (Intervenor's Mot. for Permissive Intervention at 7, filed Jul. 29, 2014). The adequacy of the AOD's stormwater remediation measures is no longer at stake in this proceeding, however. The only remaining issue in this proceeding is the adequacy of the AOD's monetary penalty. Because monetary penalties for environmental violations are paid into a general fund, see 10 V.S.A. § 8010(e), a larger penalty will not redress the particularized injuries the Association has identified. To maintain "aggrieved person" status in the remainder of this matter, the Association must therefore establish an additional interest it has at stake in this litigation—one that a larger monetary penalty will redress.

Accordingly, the Court invites the Association to submit a brief and any accompanying affidavits on the following issues:

1.  Whether at least one of the Association's members has an "injury to a particularized interest" at stake in this enforcement proceeding, the sole remaining purpose of which is to determine the amount of Stratton's monetary penalty under the AOD.

2.  Whether the identified interest is one protected by an environmental statue listed in 10 V.S.A. § 8003(a).

3.  Whether the identified interest is germane to the purposes of the Association.

4.  Whether the injury is attributable to the specific violations identified in the AOD.

5.  Whether the remedy sought—specifically, a larger monetary penalty—will redress this injury.

In briefing these issues, the Court notes that the Association will bear the burden of demonstrating its status as an aggrieved party. Cf. Brod v. Agency of Nat. Res., 2007 VT 87, ¶ 9– 10, 182 Vt. 234 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). To meet this burden, Association must allege specific facts that show that the Association has a

---

[2] The Court also infers a redressability requirement in Section 8020(a) because the statutory language generally tracks the constitutional requirements for standing, and redressability is a component of the constitutional test. See, e.g., Parker v. Town of Milton, 169 Vt. 74 (1998) (outlining requirements for standing). Furthermore, the Vermont Supreme Court has interpreted the phrase "aggrieved" in other statutes to incorporate the general constitutional requirements to for standing. See, e.g., Blum v. Friedman, 172 Vt. 622, 624 (2001) (interpreting the word "aggrieved" in Vermont's open meeting law to incorporate the general standing doctrine, and noting that "[w]e have applied general standing doctrine to similar statutory standing requirements."); see also In re Goddard College CU, No. 175-12-11 Vtec, slip op. at 3 (Vt. Super Ct. Envtl. Div, Jul. 5, 2012) (Walsh, J.) (incorporating a redressability requirement into the test for interested party status in Act 250 proceedings).

particularized interest at stake; a generalized grievance about an inadequate penalty will not suffice. Cf. <u>Parker</u>, 169 Vt. at 77 (quoting <u>Town of Cavendish v. Vt. Pub. Power Supply Auth.</u>, 141 Vt. 144, 147 (1982)).

For the reasons stated above, the Court **RESERVES** consideration of the Association's motion to add a new expert and **RESERVES in part** the Association's motion to amend the scheduling order. The Court **GRANTS in part** the Association's motion to amend the scheduling order as follows:

1. The Association will have until **November 30, 2015** to submit a memorandum and any supporting affidavits demonstrating its continued status as an aggrieved person with standing to be heard on monetary penalties—the sole remaining issue in this case.

2. The NRB and Stratton will then have until **December 15, 2015** to submit any responsive memoranda.

The three remaining deadlines in the Court's September 9, 2015 scheduling order (the November 16, 2015 deadline for depositions; the November 30, 2015 deadline for additional pre-filed testimony; and the December 1, 2015 trial-ready date) are all **SUSPENDED** pending the Court's resolution of the issues listed above.

So ordered.

Electronically signed on October 27, 2015 at 01:00 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

<u>Notifications</u>:
Peter J. Gill (ERN 4158), Attorney for Petitioner Natural Resources Board
Lisa B. Shelkrot (ERN 2441), Attorney for Respondent Stratton Corporation
A. Jay Kenlan (ERN 3775), Attorney for Intervenor Treetop at Stratton Condo Assn
Elizabeth B. McDonald (ERN 5715), Attorney for Interested Person Agency of Natural Resources