TOWN OF BENNINGTON *v.* LESTER B. VAIL ET ALS.

(92 A2d 467)

October Term, 1952.

Present: SHERBURNE, C. J., CLEARY, ADAMS and CUSHING, JJ., and CHASE, Supr. J.

Opinion Filed November 5, 1952.

*Waldo C. Holden* and *Christopher A. Webber* for petitionees Lester B. and Louise Vail.

*Franklin P. Jones* and *Manfred W. Ehrich, Jr.,* for petitionee Lucie Beverley Duer.

*Norton Barber* for the petitioner.

CUSHING, J. On May 31, 1951, the selectmen of the town of Bennington filed with the Public Service Commission a petition seeking the condemnation of certain rights and easements above and in lands located in such town for airport purposes. The lands are owned by Lester B. Vail but occupied by Louise Vail, Lucie B. Duer, Fairdale Farms, Inc., subject to a mortgage in favor of Fillmore Farms, Inc., Harold W. Taylor and Anita D. Taylor, subject to a mortgage in favor of the Bennington Cooperative Savings and Loan Association, all of the above owners and mortgagees being named as petitionees.

The petition, among other things, sets forth that it is brought pursuant to the vote of the legislative body of said town under the provisions of V. S. 47, § 3825 ; that the petitioner is authorized to and has for a number of years maintained a municipal airport; that the town has not adopted airport zoning regulations pursuant to V. S. 47, chap. 177 ; that on February 4, 1947, the legislative body of such town by resolution decided to establish and maintain therein an airport, and that on March 4, 1947, the town at its annual meeting appropriated $35,000 for the acquisition of land and the establishment and construction of an enlarged and improved airport on the site of a then existing airport ; that in September, 1948, the town had substantially completed the construction of such airport.

The petition further sets forth that the standards of safety and the regulations set up by the Federal Civil Aeronautics Administration and the State of Vermont require free and unobstructed air space in areas adjacent to the runways of an airport; that in conformity with such standards and regulations, as well as for the actual safety of the public using the airport, free and unobstructed air space above five certain imaginary inclined planes are required.

The free and unobstructed air spaces are described by setting forth the beginning, course, width and degree of incline of such planes as to each parcel of land ; that the safe use of the airport makes it necessary that the town have the right to clear and to keep clear of obstructions the air space over the land of the petitionees above the imaginary planes described in the petition and for such purposes to have the right of ingress and egress over such land.

This petition was challenged by Lester B. Vail and Louise Vail on the ground that the matters at issue are beyond the jurisdiction of the Public Service Commission in that under the Airport Zoning Act, V. S. 47, chap. 177, the procedure to be followed is specifically

set forth and that the provisions of V. S. 47, chap. 171, under which the petition has been brought, have been superseded by the provisions of said Airport Zoning Act.

The commission ruled adversely to these petitionees and held that it did have jurisdiction, that the petitioner had the election to proceed under V. S. 47, chap. 171 or V. S. 47, Chap. 177. An exception was allowed and the cause passed to the Court pursuant to the provisions of V. S. 47, § 9296.

The matter is before us on the question of the jurisdiction of the Public Service Commission.

■■ The question of want of jurisdiction may be raised at any stage of the case. *Kelley* v. *Town of Moretown,* 71 Vt 340, 343, 45 A 224. An objection to jurisdiction over the subject matter is never out of time. *Sanders* v. *Pierce,* 68 Vt 468, 469, 35 A 377 ; *In Re McMahon Children,* 115 Vt 415, 417, 63 A2d 198.

We have before us a question of the construction of two legislative enactments both of which have become parts of V. S. 47.

■ In ascertaining the intention of the legislature the history of the two chapters becomes material. *Joy* v. *Swanton Savings Bank and Trust Co.,* 111 Vt 106, 109, 10 A2d 216 ; *Troy Academy* v. *Town of Poultney,* 115 Vt 480, 490, 66 A2d 2.

The first six sections of V. S. 47, chap. 171 were enacted in 1935 as No. 73 of the Acts of that year. In 1941 an act was passed entitled "An Act to permit municipalities to acquire property for airport purposes by the exercise of the power of eminent domain and to provide a procedure therefor" this being No. 53 of that year. Both acts are now V. S. 47, chap. 171. In 1945, Act No. 50 to be known as the "Airport Zoning Act" was adopted. This act in V. S. 47 comprises chapter 177.

Chapter 171 provides, among other things, for the acquisition of real property by one or more municipalities, by purchase, lease or condemnation for the establishment of a municipal airport. Whenever it is necessary to acquire property or some easement or other right in property a procedure by petition to the Public Service Commission is set forth.

Chapter 177 is concerned with the elimination of "airport hazards." By the provision of § 3932 an "airport" is defined as "any area of land or water designed and set aside by any political subdivision for the landing and taking off of aircraft and utilized or to be utilized in the interest of the public for such purposes." "Airport

hazard" is defined as "any structure or tree or use of land which obstructs the air space required for the flight of aircraft in landing or taking-off at an airport or is otherwise hazardous to such landing or taking-off of aircraft." "Structure" is defined as "any object constructed or installed by man, * * *" and "tree" as "any object of natural growth."

The chapter further provides for the adoption of zoning regulations, the appointment of zoning boards, a zoning commission, the nature of the regulations to be adopted, the record and notice thereof and the procedure with respect to variances from the regulations adopted by appeal to a board of adjustment, hearing thereon by such board with an appeal to the court of chancery.

Section 3951 of the chapter provides that the political subdivision within which the property or non-conforming structure or use is located, or the political subdivision owning the airport or served by it, may acquire such air right, navigation easement or other estate or interest in the property or non-conforming structure or use in question as may be necessary, by purchase or grant or condemnation in the manner provided under V. S. 47, §§ 3804-3811 inclusive, in any case in which

> "(c) To effectuate the purpose of this chapter, it appears advisable that the necessary approach protection be provided by acquisition of property rights rather than by airport zoning regulations."

A study of V. S. 47, chap. 177 discloses that it is permissive in character and that if a municipality does not see fit to zone under its provisions, air rights, navigation easements or other estate or interest in property or non-conforming structures or uses may still be obtained in accordance with § 3951.

Here we are confronted by two statutes both relating to different phases of the same subject matter, namely airports. Chapter 171 is the older of the two and makes general provision for the acquiring and establishment of municipal airports. Chapter 177 is more recent and provides for the securing of safe conditions in the landing and taking-off of aircraft; the former is general in nature while the latter is special. It applies only to the removal of aerial navigation hazards.

When two statutes deal with the same subject matter and one is general and the other is special, the latter must ordinarily be

given effect according to its terms. *Bayley* v. *Harvey,* 111 Vt 339, 342, 16 A2d 192.

Section 16 of No. 50 of the Acts of 1945 provides that "All acts or parts of acts inconsistent with this act are hereby repealed," hence we are not confronted with the question of repeal by implication. So much of chapter 171 which is inconsistent with the provisions of chapter 177 was expressly repealed.

■ It is the rule that the latest expression of the legislative will must prevail. *Giguere* v. *Rosselot,* 110 Vt 173, 183, 3 A2d 538.

From a consideration of the foregoing it is evident that the Bennington Municipal Airport having been established, the air rights and navigation easements which it now seeks should be acquired in accordance with the provisions of subdivision (c) paragraph I of § 3951, unless the petitioner desires to zone. We make no comment as to the propriety of a municipality in establishing a municipal airport to seek air rights and navigation easements in the original petition to the Public Service Commission.

The exception of petitionees Lester B. Vail and Louise Vail is sustained. The disposal of the case on the above ground makes unnecessary the consideration of the other rulings of the commission.

*Petition dismissed. To be certified to the Public Service Commission with costs to the petitionees.*