George C. Looker and Charlotte T. Looker v. City of Rutland and Board of Aldermen for the City of Rutland

[476 A.2d 141]

No. 83-008

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 20, 1984

*James B. Anderson* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiffs-Appellees.

*William J. Bloomer*, Rutland, for Defendants-Appellants.

**Hill, J.** The City of Rutland and the State of Vermont entered into an agreement to straighten, widen, and resurface portions of State Street in Rutland. The agreement provided that if condemnation was necessary, the City would be the condemning authority. The Board of Aldermen of the City of Rutland (Board) held public hearings on the project, inspected the affected lands, and issued an order for the alterations. The plaintiffs objected to the Board's order, claiming that the Board had no authority to condemn because the city charter gives that authority to a Board of Highway Commissioners. The Rutland Superior Court agreed with the plaintiffs, and granted summary judgment in their favor. We affirm.

On appeal, the City of Rutland and the Board advance two claims. The first is that the state condemnation statutes are controlling, so the Board was bound to follow those statutes regardless of the city charter. Whether the state condemnation statute, 19 V.S.A. § 292, or the city charter of the City of Rutland is controlling is a matter of statutory construction. Section 292 of Title 19 states that "selectmen shall lay out, alter and discontinue highways."* The city charter of the City of Rutland gives to the city's Board of Highway Commissioners "the same power to lay out, alter, resurvey and discontinue streets and highways as is vested by law in selectmen of towns." The city charter was granted by the Vermont General Assembly pursuant to Chapter II, § 6 of the Vermont Constitution, which vests in the legislature the power to "constitute towns, borroughs, cities and counties."

██ An established rule of statutory construction is that when two statutes deal with the same subject matter, and one is general and the other specific, the more specific statute must be given effect unless the legislature intended the general to control. *Town of Bennington* v. *Vail*, 117 Vt. 395, 398–99, 92

---

* 1 V.S.A. § 139 states that statutes containing the word "selectmen" shall be construed to include the "aldermen" of cities.

A.2d 467, 469 (1952). In this case, 19 V.S.A. § 292, giving selectmen the authority to alter highways, is the more general legislative provision. In granting to a Board of Highway Commissioners in Rutland the "same power" to alter highways "as is vested by law in selectmen," the legislature clearly intended the more specific city charter to control over the more general statute.

■■ Another relevant rule of statutory construction is that the later of two legislative provisions must prevail. *Town of Bennington* v. *Vail, supra,* 117 Vt. at 399, 92 A.2d at 469; see *State* v. *Lynch,* 137 Vt. 607, 610, 409 A.2d 1001, 1003 (1979). The original version of 19 V.S.A. § 292 was passed by the Vermont General Assembly in 1813. Laws of Vermont, 1813, p. 165–66. That act, like 19 V.S.A. § 292, authorized selectmen to lay out and discontinue roads. In contrast, the City of Rutland was not granted a charter until 1892. The city charter as amended in 1894 gave the Board of Street Commissioners, consisting of three members of the Board of Aldermen, the authority to lay out and discontinue roads. In 1963 the city charter was amended to provide, as it does today, that the authority to lay out, alter, and discontinue roads rests with the Board of Highway Commissioners, consisting of the Commissioner of Public Works, the Mayor, and the President of the Board of Aldermen. Thus, the relevant provision of the city charter of the City of Rutland is a more recent expression of the legislature's will than is the statute.

Since application of the two relevant rules of statutory construction indicates that the provisions in the city charter must prevail, we reject the City's and the Board's claim that the Board of Aldermen was bound to follow 19 V.S.A. § 292 and not the provisions of the city charter.

■■ The second claim advanced by the City and the Board is that the city charter does not deal with condemnation but rather with dedication and acceptance. We reject this argument. Public roads may be laid out either by condemnation or by dedication and acceptance. *Cersosimo* v. *Town of Townshend,* 139 Vt. 594, 595, 431 A.2d 496, 497 (1981). Section 292 of Title 19 gives selectmen the authority to lay out, alter and discontinue such public roads. The city charter grants to Rutland's Board of Highway Commissioners the

same authority to lay out, alter and discontinue public roads as is vested in town selectmen by 19 V.S.A. § 292. That statute does not distinguish between the selectmen's authority to condemn and their authority to dedicate and accept roads. We decline, therefore, to find that the authority of Rutland's Board of Highway Commissioners is limited to dedication and acceptance.

Finally, we must point out that the Board's order would have been invalid even if the Board and not the Board of Highway Commissioners had the authority to order alterations of streets in Rutland. In *In re Buttolph,* 141 Vt. 601, 451 A.2d 1129 (1982), this Court stated that "a board cannot delegate powers and functions which are . . . quasi-judicial in character, or which require the exercise of judgment." *Id.* at 604–05, 451 A.2d at 1131. Thus, in that case we held that "orders of administrative boards acting in their adjudicative role must be signed by the board members themselves," *id.* at 606, 451 A.2d at 1132, and we invalidated an order (resulting from a quasi-judicial hearing) that was signed only by the executive secretary of the Water Resources Board. *Id.* at 606–07, 451 A.2d at 1132. In this case, only the Rutland City Clerk and not all the aldermen signed the order issued by the Board of Aldermen. Since the Board's hearing was quasi-judicial in nature, its order would have been invalid even if the Board had the authority under the City Charter to issue its order.

*Affirmed.*