2006 VT 56

# Town of Brattleboro v. Audrey Garfield, Patricia DeAngelo, et al.
# Steven K-Brooks v. Town of Brattleboro, et al.

[904 A.2d 1157]

Nos. 05-274 & 05-314

Present: Reiber, C.J., Johnson and Burgess, JJ., and Gibson, J. (Ret.) and Cook, D.J. (Ret.), Specially Assigned

Opinion Filed June 16, 2006

*Robert M. Fisher* of *Fisher & Fisher Law Office*, Brattleboro, and *Jodi French*, Law Clerk (On the Brief), West Dummerston, for Plaintiff-Appellee Town of Brattleboro (05-274) and Defendants-Appellees Town of Brattleboro, et al. (05-314).

*Steven K-Brooks*, Pro Se, Brattleboro, Plaintiff-Appellant (05-314).

*Paul S. Gillies* of *Tarrant, Marks & Gillies*, Montpelier, for Defendants-Appellants Garfield, DeAngelo, et al. (05-274).

*Brian P. Monaghan*, Montpelier, for Amicus Curiae Vermont League of Cities and Towns (05-274).

¶ 1. **Reiber, C.J.** This consolidated appeal arose out of a dispute regarding the proper way to fill a single vacancy on the Town of Brattleboro selectboard. Appellants are various Brattleboro citizens who argue that the law provides for a special election. Appellee, Town of Brattleboro, argues that the remaining board members must fill the vacancy by appointment. On cross-motions for summary judgment, the Windham Superior Court concluded that the law requires appointment. Also on appeal is the trial court's dismissal of appellant Steven K-Brooks's open meeting law claim. We affirm.

¶ 2. The facts are not disputed. On March 1, 2005, the Town of Brattleboro held its annual meeting and election. One selectboard

member resigned his position the next day, leaving one year of his three-year elected term remaining. Appellants Garfield, DeAngelo et al. circulated a petition for a special election to fill the vacancy and submitted it, signed by more than five percent of Brattleboro voters, to the selectboard. Eight days later, on April 5, 2005, the selectboard did not call a special election but instead proceeded to fill the vacancy by appointment.

¶ 3. Appellant K-Brooks then filed a petition for declaratory judgment on the vacancy issue and also alleged an open meeting law violation, naming the Town and members of the selectboard as defendants. The Town filed its own declaratory judgment action to confirm its decision to make a special appointment and not to call a special election. The remaining citizens, other than Mr. K-Brooks, filed their notice of appearance in the Town's case. The Windham Superior Court consolidated the petitions, and all parties filed motions for summary judgment.[1] The Town also moved to dismiss appellant K-Brooks's open meeting law claim.

¶ 4. On June 30, 2005, the trial court decided in favor of the Town. The court ruled that the Brattleboro selectboard vacancy was properly filled by appointment until the next election and that the voters lacked the right to petition for a special election. The court also dismissed the open meeting claim. This appeal followed.

I.

¶ 5. The first issue on appeal is whether, as appellants argue, the Brattleboro selectboard was required to hold a special election to fill a single vacancy on the selectboard when petitioned to do so by five percent of the voters. The Town argues that the law of Brattleboro requires filling of vacancy by special appointment and does not allow a special election. We review the summary judgment decision de novo and will affirm if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Czechorowski v. State*, 2005 VT 40, ¶ 9, 178 Vt. 524, 872 A.2d 883 (mem.). We conclude that the selectboard properly filled the vacancy by appointment and was not required to honor the petition for a special meeting.

---

[1] Although Mr. K-Brooks sued the members of the Brattleboro selectboard in addition to the Town, for the sake of clarity, we will refer to all appellees as the Town. We will refer to all appellants collectively except when discussing the distinct claim of appellant K-Brooks.

■■■ ¶ 6. As an initial matter, we must review this issue for mootness because Brattleboro's 2006 town meeting has come and gone. 24 V.S.A. App. ch. 107, § 2.2(b) (Brattleboro officers elected on first Tuesday in March). An issue typically becomes moot when it is no longer "live or the parties lack a legally cognizable interest in the outcome." *In re Vt. State Employees' Ass'n*, 2005 VT 135, ¶ 10, 179 Vt. 578, 893 A.2d 338 (mem.). One exception to the mootness doctrine is if the situation is capable of repetition yet evading review. *Holton v. Dep't of Employment & Training*, 2005 VT 42, ¶ 16, 178 Vt. 147, 878 A.2d 1051. The exception is limited to situations in which "(1) the duration of the challenged action was so brief that it could not be fully litigated before it expired, and (2) there is a reasonable expectation or a demonstrated probability that the appellant will be subject to the same action again." *Id.*

■■■ ¶ 7. We review the matter because both factors are met. The parties commenced this litigation soon after the selectboard refused to call a special election and the action expired before being fully litigated. As for the second prong, the town charter has not been amended in the interim so there is a strong likelihood that, were another selectboard member to resign prior to expiration of his or her term, appellants would seek the same special election remedy to fill the vacant seat. We proceed to the merits.

¶ 8. The subject of how to fill a single vacancy on the Brattleboro selectboard is covered in both the Brattleboro Town Charter and 24 V.S.A. § 963 (regarding municipal officers generally). The applicable provision of the charter, codified at 24 V.S.A. App. ch. 107, § 4.4(c), reads:

> When a vacancy occurs on the board, the remaining selectboard shall fill the vacancy by appointment until the next election. If there is more than one vacancy, the board shall call a special election to fill the vacancies for the remainder of the terms.

The general statute, 24 V.S.A. § 963, reads:

> When a vacancy occurs in any town office, the selectpersons forthwith by appointment in writing shall fill such vacancy until an election is had; except that in the event of vacancies in a majority of the board of selectpersons at the same

time, such vacancies shall be filled by a special town meeting called for that purpose.

The trial court held that the plain language of both provisions requires a special election to be held if more than one seat were vacant (in the case of the charter), or if a majority of the seats were vacant (in the case of § 963). Where only one vacancy exists, the trial court ruled, both the charter and the statute provide that it be filled by appointment until the next regularly scheduled election.

¶ 9. On appeal, appellants argue that the charter language "until the next election" is "all but identical" to the phrase in the general statute, "until an election is had," and that because the charter is "silent on the question of the voters' right to petition for a special election" and the general law favors the right to petition, the general law must prevail. Specifically, they argue that "until the next election" signifies not only the next annual town meeting but potentially a special election as well, and that their right to petition for a special election is preserved in a separate statute requiring the selectboard to call a special meeting upon application of five percent of the voters. 17 V.S.A. § 2643(a) ("The legislative body . . . shall call a special meeting on the application of five percent of the voters."). We do not agree.

¶ 10. Whether the legislatively-adopted town charter or the statute is controlling is a matter of statutory construction. *Looker v. City of Rutland*, 144 Vt. 344, 346, 476 A.2d 141, 142-43 (1984). We apply the long-standing rule of statutory construction that where two statutes deal with the same subject matter, and one is general and the other specific, the more specific statue controls. *Id.* at 346, 476 A.2d at 143 (applying rule to conflict between city charter and more general statute). We conclude that the charter prevails because it is more specific to the Town of Brattleboro than 24 V.S.A. § 963.

¶ 11. We next turn to the charter language itself. The plain meaning of the charter language forecloses the right of the voters to petition for a special election. Were there more than one vacancy, the charter would grant to voters the right to fill those vacancies via a special election. In the case of a single vacancy, as is the situation here, the charter confers upon the selectboard the mandatory duty to fill the vacancy by appointment. The plain language of the ultimate clause in the charter, "until the next election," employs the definite article, "the," signifying the selectboard's duty to fill the vacancy until *the next regularly scheduled* election. Contrasting the charter language with that of the general statute is illuminating. The statute's language, "until

an election is had," uses the indefinite article, "an," to reference some imprecise election in the future, leaving open the possibility of five percent of voters petitioning for a special election under 17 V.S.A. § 2643(a). Section 962, antecedent to § 963, also provides context to § 963's indefinite language: "A town at a special meeting may fill a vacancy in a town office." 24 V.S.A. § 962. Even though § 963 automatically requires a special election if a majority of seats were vacant, § 962 is permissive and would allow a special election to fill a single vacant seat. The town charter includes no similarly permissive neighboring statute and no indefinite language. Its plain language requires the selectboard to fill the seat until the next regularly scheduled election.

█ ¶ 12. Accordingly, the selectboard was not required to call a special meeting upon receiving a petition from five percent of the voters pursuant to 17 V.S.A. § 2643(a). That statutory right to petition for special meetings is subject to the restriction that the business petitioners seek to conduct at that meeting is properly delegated to the voters' authority. *Royalton Taxpayers' Prot. Ass'n v. Wassmansdorf*, 128 Vt. 153, 159-60, 260 A.2d 203, 207 (1969) (holding that where authority was delegated to town listers and not to town meeting, selectboard not required to call special meeting upon petition of five percent of voters; statute not intended to compel special meeting for a useless, frivolous, or unlawful purpose). Because the charter plainly and unambiguously designates the power to fill a single vacancy only to the selectboard, Brattleboro voters lack the authority to fill a single vacancy and appellants' petition did not present business proper for a special meeting. Moreover, another statute in Title 17 specifies that where a municipal charter "provides for procedures other than those established by this [local elections] chapter, the provisions of that charter shall prevail." 17 V.S.A. § 2631. Because the charter creates a separate and specific avenue for filling a single vacancy on the Town of Brattleboro selectboard without leaving room for the special meeting petition, the general provision entitling voters to a special meeting upon petition of five percent of the voters does not apply.

¶ 13. We note appellants' argument that we should harmonize the charter and the statute, *Lomberg v. Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980) (superseded by statute on other grounds), and, to resolve any potential differences, apply the principle of construing a town charter strictly against the town so that the right of the voters to petition for a special meeting is preserved. *E.B. & A.C. Whiting Co. v.*

*City of Burlington*, 106 Vt. 446, 465, 175 A. 35, 42-43 (1934) (presumption is that the Legislature "granted ... in clear and unmistakable terms all that it intended to grant"). Our decision is not discordant with these principles. The proper way to harmonize the two provisions is by choosing the more specific over the general. "Where two statutes cover the same subject and one is more specific than the other, we harmonize them by giving effect to the more specific provision according to its terms." *Our Lady of Ephesus House of Prayer, Inc. v. Town of Jamacia*, 2005 VT 16, ¶ 16, 178 Vt. 35, 869 A.2d 145 (quotation omitted). Nor does our decision disregard the principle of construing a town charter against the municipality; as discussed above, our conclusion is based on the charter's plain meaning and no further construction is warranted. The Brattleboro charter does not allow for the possibility of petitioning for a special election, and the selectboard properly declined the voters' petition.[2]

## II.

¶ 14. Appellant K-Brooks also appeals the trial court's dismissal of his open meeting law claim. The meeting at issue was held for the purpose of interviewing candidates for appointment to the vacant selectboard seat, and Mr. K-Brooks alleged that it was not properly warned in accordance with the statute. The trial court dismissed the claim because there was no action taken at the meeting and Mr. K-Brooks did not make a proffer of injury to demonstrate how he was aggrieved by the inadequate warning.

¶ 15. On review, we assume that all factual allegations pleaded by plaintiff, and reasonable inferences therefrom, are true, and that all contrary allegations are false. *Amiot v. Ames*, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997). We will affirm the dismissal if it is "beyond doubt" that there are no facts or circumstances under which the plaintiff would be entitled to relief. *Id.*

¶ 16. Vermont's Open Meeting Law implements the state constitutional requirement "that officers of government are 'trustees and servants' of the people and are 'at all times, in a legal way, accountable to them.'" *Trombley v. Bellows Falls Union High Sch. Dist. No.*

---

[2] We note that appellants trace the history of 24 V.S.A. §§ 962 and 963 to support their argument that voters retain the right to petition for a special election when a single seat on a town selectboard is vacant. Because the Brattleboro charter is more specific and its plain language controls, we find the legislative history of §§ 962 and 963 unnecessary to our analysis.

*27*, 160 Vt. 101, 104, 624 A.2d 857, 860 (1993) (quoting Vt. Const. ch. I, art. 6); see 1 V.S.A. § 311 ("[T]he legislature finds and declares that [officers of the government] in this state exist to aid in the conduct of the people's business and are accountable to them pursuant to Chapter I, Article VI of the Vermont constitution."). It protects the interest of the public to hold its elected officers accountable by, among other ways, requiring meetings of a public body to be "open to the public at all times," except when in executive session, 1 V.S.A. § 312(a), and by requiring that the public be given a "reasonable opportunity to express its opinion" on matters being considered. *Id.* § 312(h). The law is to be liberally construed. *Blum v. Friedman*, 172 Vt. 622, 623, 782 A.2d 1204, 1206 (2001) (mem.). The law also provides a private right of action for "aggrieved" persons to seek injunctive relief or declaratory judgment for violations of the law. 1 V.S.A. § 314(b). We have held that petitioners must plead sufficient injury to a protected interest to show they are aggrieved under the statute and therefore have standing to challenge any alleged violation of the law. *Blum*, 172 Vt. at 624, 782 A.2d at 1207; *Trombley*, 160 Vt. at 106, 624 A.2d at 861.

¶ 17. In his amended petition for declaratory judgment, Mr. K-Brooks alleged that, "[o]n April 4, 2005, the Brattleboro Selectboard knowingly held a meeting for the purpose of interviewing candidates for appointment to the vacant Selectboard Seat, which was not publically announced at least 24 hours before the meeting in the manner required by [1 V.S.A. § 312(c)(2)]," and that "[i]t is a habitual practice by the Town of Brattleboro to ignore the requirements of Vermont's Open Meeting Law thereby violating the rights of the Petititioner and of other town residents and voters." In his prayer for relief, petitioner sought "remedial education" or fines.

¶ 18. In its answer and motion to dismiss, the Town conceded that it did not properly warn the meeting because it failed to post one of the notices required by 1 V.S.A. § 312(c)(2). The law's notice requirements are clear: at least twenty-four hours before the meeting, the time, place, and purpose of a meeting must be publicly announced and notices must be posted in or near the municipal clerk's office and in at least two other public places. *Id.* The Town denied violating the Open Meeting Law, however, on the ground that because it only interviewed candidates for appointment to fill the vacancy at the April 4, 2005 meeting but otherwise took no action, petitioner could show no harm. In his response, Mr. K-Brooks acknowledged having had actual notice of the meeting.

¶ 19. We find unavailing the Town's argument and trial court's reasoning that Mr. K-Brooks could not be harmed because no formal action or decision was made at the meeting. In *Blum*, we held that the plaintiff pled sufficient injury where he was denied admission to a meeting at which the town was conducting negotiations but not taking any formal action. 172 Vt. at 624, 782 A.2d at 1207. We uphold the trial court's ruling, however, because Mr. K-Brooks did not allege in his amended petition how he was harmed by the Town's failure to post one copy of the notice the requisite twenty-four hours in advance of the meeting. Indeed, he acknowledged that he did have actual notice prior to the meeting. Because Mr. K-Brooks failed to allege any injury, he was not "aggrieved" under the statute and so cannot pursue a private right of action.

*Affirmed.*