Reversed on other grounds,
2011 VT 48 (4/29/11)

FILED

JUL 2 0 2009

ORANGE SUPERIOR COURT

**STATE OF VERMONT**
**ORANGE COUNTY**

TIMOTHY PRICE ) 

)      **Orange Superior Court**

v. )      **Docket No. 197-8-08 Oecv**

)

TOWN OF FAIRLEE )

## DECISION
### Defendant's Second Motion to Dismiss, filed Dec. 3, 2008

Petitioner Timothy Price is a resident of the Town of Fairlee who seeks to review the performance of the members of the Board of Civil Authority with respect to their role in counting election ballots. After the 2006 election for both federal and state offices, he asked the Town Clerk for an opportunity to examine the ballots and tally sheets. He explained that the 2006 recount for the office of state auditor had revealed an undercount in the tally sheets for that race in an amount significant enough to change the outcome, and he wanted to reexamine all of the tally sheets, related to the other offices involved in the election, "to see if this was a single error, or whether the undercount was repeated in other races as well." He was and is explicit that he was not seeking information to challenge the results of any particular race, which would be time-barred in any event, but to review the performance of the elected Board of Civil Authority officials as a matter of public accountability.

By law, the election materials at issue were to remain sealed for a specified period after the election.[1] Mr. Price alleges that the Town Clerk and members of the Board of Civil Authority supported his request to review the materials when they became available, and that the Town Clerk, after consultation with the Secretary of State's office, had told him they wanted him to get an order from the court and they would then make the materials available for review. This was the reason he filed the action in August 2008. There is no dispute that he filed it prior to the expiration of the sealing period.

In his petition, Mr. Price requested a declaration that he had a right to inspect the ballots after the end of the required sealing period, but prior to their destruction. See 17 V.S.A. § 2590(d) (explaining that ballots and tally sheets must be retained under seal for a specified period of time, after which they "may be destroyed" by the town clerk). Mr. Price also requested an injunction prohibiting the Town Clerk from destroying the ballots and tally sheets until after the review. The Town moved to dismiss the complaint on the grounds that it failed to state a claim upon which relief could be granted. The State of Vermont moved to intervene, and supported the motion to dismiss.

---

[1] 17 V.S.A. § 2590 (d) requires that the materials be sealed for 90 days "except as otherwise provided by federal law." The 2006 election involved election for federal office, resulting in a sealing period of 22 months.

1

A hearing was held on November 10, 2008 on the motions to intervene and dismiss. The hearing also addressed Mr. Price's request for a preliminary injunction.[2] Mr. Price represented himself pro se. The Town was represented by Attorney Frank H. Olmstead. The State was represented by Assistant Attorney General Jacob A. Humbert.

The State's motion to intervene was granted. The court denied the request for a temporary injunction on the grounds that irreparable injury was not shown, but denied the Town's motion to dismiss as the petition presented a valid question: whether ballots and tally sheets that remain in the Town Clerk's possession after expiration of the secure period are subject to inspection under the Public Records Act, 1 V.S.A. § 316, if they have not yet been destroyed. The court accordingly provided time for Mr. Price to comply with the procedure for requesting public records, and to file an amended complaint.

The Amended Complaint alleges that two days after the hearing, Mr. Price sent a letter to the Town Clerk requesting an opportunity to view the ballots and tally sheets under the Public Records Act. The Town responded by informing Mr. Price that the ballots and tally sheets had been destroyed by the Town Clerk following the November 10th hearing. The Town therefore denied the public records request, claiming an inability to comply. The Town also filed its second motion to dismiss, this time on mootness grounds, which is the motion now before the court.

The question presented is whether the destruction of the requested tally sheets and ballots has made the request for public access moot. "The general rule is that a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. A case is moot if the reviewing court can no longer grant effective relief." *In re Moriarty*, 156 Vt. 160, 163 (1991) (quotations omitted); *Doria v. Univ. of Vermont*, 156 Vt. 114, 117 (1991).

In this case, the Amended Complaint requested access to the ballots and tally sheets from the 2006 election for the purpose of reviewing the accuracy of the officials' counting of the ballots in that election. The court can no longer grant the request for public access, since the ballots and tally sheets have been destroyed, and cannot be reproduced for inspection. For that reason, the case is moot.

Mootness generally results in dismissal of the complaint for lack of jurisdiction. *Doria*, 156 Vt. at 118. However, there are several exceptions to the mootness doctrine that permit review under certain circumstances, even when the case is otherwise moot. The exceptions reflect the fundamental concern underlying all mootness problems: "whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties." *All Cycle, Inc. v.*

---

[2] The court had denied Mr. Price's request for an ex parte temporary restraining order included in his initial filing of the petition, but the court provided that the request would be reviewed after service and an opportunity to respond.

*Chittenden Solid Waste Dist.*, 164 Vt. 428, 432 (1995); 13B Wright, Miller & Cooper et al, Federal Practice and Procedure: Jurisdiction 3d § 3533.

One of these narrow exceptions permits review in cases where the challenged action was "capable of repetition yet evading review," meaning cases where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Houston v. Town of Waitsfield*, 2007 VT 135, ¶ 11 (mem.) (quoting *In re Vt. State Employees' Ass'n*, 2005 VT 135, ¶ 12, 179 Vt. 578 (mem.)); 13C Federal Practice and Procedure, *supra*, at § 3533.8.

The factual circumstances of the case changed between the time it was originally filed and the Amended Complaint. Originally, Mr. Price made an anticipatory request to have public access to the ballots and tally sheets from the 2006 election once they became unsealed, and prior to their destruction. After the sealing period expired, the records remained undestroyed in the possession of the Town Clerk, but a request for public access had been made by the filing of this case. The request was clarified by the court on November 10, 2008 as one under the Public Records Act, and the court provided Mr. Price with an opportunity to formalize his request under statutory procedures. Subsequently, the Town destroyed the documents and claimed an inability to comply with the request for public access. Those are the factual circumstances now presented by the case, and which must be used in analyzing the motion to dismiss.

There is no question that if no request for access to the records had been made prior to November 10, 2008, the Town Clerk would have been authorized under 17 V.S.A. § 2590(d) to destroy the records on that date. If there is no reason for the materials to be retained any longer, the statute clearly authorizes a town clerk to destroy them. In the case as it now presents itself, the Town Clerk destroyed the records after having clear notice that a citizen was making a public records request for existing, undestroyed election materials no longer subject to sealing. The action of a public official in destroying records after a public records request was made appears contrary to the public policy favoring the right of access to public documents and records, *Finberg v. Murnane*, 159 Vt. 431, 434 (1992), yet the Town and State argue that the provisions of election laws trump the right of public access to the materials, even after the expiration of the sealing period. This is a legal issue that requires resolution by a court after careful research and consideration of competing arguments concerning the statutory provisions at issue and underlying constitutional and statutory principles and policies.

This case demonstrates that the time period between the records request and the destruction of the records by the Town Clerk was too short for the legal issue to be fully litigated, and this is likely to true with respect to any future such request. The situation is highly capable of repetition in the future since, by statute, the Town Clerk is the guardian of ballots and tally sheets, 17 V.S.A. § 2590, and given that the State of Vermont has intervened in these proceedings and takes the position that a citizen has no right to access the election materials, there is no reason to believe that the Fairlee Town Clerk will not follow the same course of conduct in the future in response to another request for access

3

to ballots and tally sheets. See *Town of Brattleboro v. Garfield*, 2006 VT 56, ¶ 7, 180 Vt. 90 (reviewing election dispute as "capable of repetition yet evading review" even though election had passed, since there was a "strong likelihood" that municipality would follow the same disputed policy for filling vacant selectboard positions in the future).

The question presented is a legal issue of general applicability and significant importance in relation to public accountability of public officials and the interface between laws relating to elections and those providing for public access to records: whether ballots and tally sheets that are retained by a town clerk beyond the secure period are public records, and if so, whether (and under what standard of review) they may be accessed for public inspection upon a request made prior to their destruction. These issues are not uniquely factual in nature, but rather present threshold questions that would likely be involved in any similar request in the future. See *In re P.S.*, 167 Vt. 63, 68 (1997) (explaining that general standards of review are more likely to be raised in future litigation than specific factual questions); see also *State v. Tallman*, 148 Vt. 465, 469 (1987) (reviewing request for public access to court proceedings even though case was moot, since closure order was short-lived and likely to occur again in future).

Mr. Price asserts a continuing interest in evaluating the accuracy of town election officials, promoting transparency in local elections, and "strengthen[ing] the processes of democracy." There is reason to believe that Mr. Price will request access to ballots and tally sheets following future elections, that the Fairlee Town Clerk will follow the same course of conduct as in the present case, and that the parties will become involved in the same controversy again.

For these reasons, the court concludes that the case is moot, but that the issues presented are capable of repetition, yet evading review. Therefore, there is a sound jurisdictional basis for the court to decide the issue. The Town's Second Motion to Dismiss on grounds of mootness must therefore be denied.

## ORDER

The Town's Second Motion to Dismiss (MPR #5), filed December 3, 2008, is *denied*.

Based on the pleadings and arguments to date, it appears that the issue is a matter of law and that it is unlikely that there are disputes of material fact. Accordingly, the court sets August 17, 2009 as the deadline for the filing of motions for summary judgment. Either party may move for a different pretrial scheduling plan.

Dated at Chelsea, Vermont this 20th day of July, 2009.

Hon. Mary Miles Teachout
Superior Court Judge

4