Vermont Superior Court
Filed  04/29/25
Chittenden Unit

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT  05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case Nos. 24-CV-04865
& 24-CV-4868

---

Chelsea Solar LLC, Appellant v. Vermont Public Utility Commission, et al, Appellee
Otter Creek Solar, Appellant v. Public Utility Commission, Appellee

---

### DECISION ON MOTIONS TO DISMISS

In these two cases, Appellants seek review of decisions by the Public Utilities Commission ("PUC") in certificate of public good proceedings. The appellees in each case have moved to dismiss the appeal. While the two PUC proceedings are at different stages, the threshold question presented by the two appeals is the same: does this court have jurisdiction to review PUC decisions denying or limiting discovery? The court concludes that it does not, and so grants the motions to dismiss both appeals.

As noted above, the two cases are in different procedural postures. In the Chelsea Solar case (PUC Case No. 23-0249-PET), Appellant has applied for a certificate of public good, which the Town of Bennington opposes. Chelsea Solar has appealed PUC orders limiting discovery. In the Otter Creek case (PUC Case No. 19-0516-PET), the PUC denied an application for a certificate of public good, and the petitioner subsequently sought to propound interrogatories. The PUC denied that request. These appeals followed, pursuant to V.R.C.P. 74.

Chelsea Solar and Otter Creek found their claim for jurisdiction on the Vermont Administrative Procedure Act ("VAPA")—specifically, 3 V.S.A. § 809b(a). That section provides:

> When an agency has issued a subpoena to compel testimony or the production of documents or things, or has issued a discovery order to a party, an aggrieved person may bring a proceeding to modify or vacate the subpoena or order in the Superior Court for the county in which the petitioner resides or in which the administrative proceeding is or will be held.

The PUC argues that this provision does not apply; it observes that it has issued neither a subpoena nor a "discovery order to a party"; instead, it has declined to issue either. Thus, by its own terms, § 809b does not apply. Moreover, a different provision of VAPA requires that these appeals be brought, if at all, in the Supreme Court. 3 V.S.A. § 815(a) provides:

> A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in any contested case may appeal that decision

Decision on Motions to Dismiss                                                                Page 1 of 3
24-CV-04865 Chelsea Solar LLC, Appellant v. Vermont Public Utility Commission, et al, Appellee
24-CV-04868 Otter Creek Solar, Appellant v. Vermont Public Utility Commission, Appellee

to the Supreme Court, unless some other court is expressly provided by law. However, a preliminary, procedural, or intermediate agency action or ruling is immediately appealable under those rules if review of the final decision would not provide an adequate remedy, and the filing of the appeal does not itself stay enforcement of the agency decision.

The decisions at issue here are undoubtedly procedural rulings in contested cases; thus, a plain reading of the statute would require that appeal be taken, if at all, to the Supreme Court.

To the extent one could argue that there is at least some tension between the provisions of sections 809b and 815(a) of VAPA, the provisions of Title 30 supply the definitive answer in these cases. There, the Legislature has granted the PUC "the powers of a court of record in the determination and adjudication of all matters over which it is given jurisdiction," 30 V.S.A. § 9. The PUC has the authority to enforce its orders "by any suitable process issuable by courts in this State." *Id*. It is further empowered "to prescribe . . . general rules with respect to pleadings, practice, evidence, procedure, and forms for all Commission proceedings." *Id*. § 11(a)(2*); see In re SolarCity Corp.*, 2019 VT 23, ¶ 13, 210 Vt. 51 (although not a court in the strict sense, PUC is quasi-judicial agency with powers of a court of record) (citation omitted).

Because the Legislature has given the PUC the powers of a court of record, any appeal to this court would be a horizontal appeal, which the Legislature has not authorized. *See Appeal of City of Barre*, 134 Vt. 519, 521 (1976) (horizontal appeal of decision by commissioner of taxes to Superior Court not permitted); *see also Morrisseau v. Fayette*, 164 Vt. 358, 362–63 (1995) (horizontal appeals from one trial court to another are "undesirable" and should be avoided). Rather, 30 V.S.A. § 12 provides:

A party to a cause who feels aggrieved by the final order, judgment, or decree of the Commission may appeal to the Supreme Court. However, the Commission, in its discretion and before final judgment, may permit an appeal to be taken by any party to the Supreme Court for determination of questions of law in the manner as the Supreme Court may by rule provide for appeals before final judgment from a Superior Court.

This provision plainly confers jurisdiction for any appeals from decisions of the PUC upon the Supreme Court. *See also* 30 V.S.A. § 14 ("The Supreme Court may reverse or affirm the judgments, orders, or decrees of the Commission and may remand a cause to it with such mandates, as law or equity shall require; and the Commission shall enter judgment, order, or decree in accordance with such mandates."); *id*. § 234 ("A person, partnership, or unincorporated association aggrieved by any act or order of the Public Utility Commission may transfer such cause to the Supreme Court under the provisions of section 12 of this title.").

Consistent with these statutory provisions, the Court noted in *Barnet Hydro Co. v. Public*

*Service Board* that decisions by the Public Service Board, also covered by Title 30, are treated as Superior Court decisions, both of which are appealable to the Supreme Court. 174 Vt. 464, 467 (2002) (mem.).

The provisions of Title 30 clearly control here. "[W]here two statutes deal with the same subject matter, and one is general and the other specific, the more specific statute controls." *Town of Brattleboro v. Garfield*, 2006 VT 56, ¶ 10, 180 Vt. 90; *see In re Petition of LK Holdings, LLC*, 2018 VT 109, ¶ 38, 209 Vt. 14 ("To the extent that there is a conflict between [Title 30] and the VAPA, the more specific statute, that is, [Title 30], controls."). While VAPA sets forth general provisions addressing procedures before administrative agencies, Title 30 deals specifically with proceedings before only the Department of Public Service and Public Utilities Commission. It matters not that the former specifically addresses discovery orders, while the latter deals more broadly with any actions by the PSB or PUC; in Title 30, the Legislature clearly set forth provisions applying specifically to those bodies. That is the true measure of specificity; the intent to carve out proceedings before the PSB and PUC from those before other administrative bodies could hardly be clearer.

Title 30 therefore governs both of these appeals. Its provisions make clear that any appeal from decisions of the PUC, whether interlocutory or final, must be addressed to the Supreme Court. This court therefore lacks jurisdiction to hear these appeals.

## ORDER

The court grants the motions to dismiss. Any appeal in these matters must be to the Supreme Court.

Electronically signed pursuant to V.R.E.F. 9(d): 4/28/2025 9:51 AM

_____
Samuel Hoar, Jr.
Superior Court Judge

Decision on Motions to Dismiss                                                                          Page **3** of **3**
24-CV-04865 Chelsea Solar LLC, Appellant v. Vermont Public Utility Commission, et al, Appellee
24-CV-04868 Otter Creek Solar, Appellant v. Vermont Public Utility Commission, Appellee